Herbert D. ODOM, Individually and as Representative of the Estate of Jimmie Sue Odom, Deceased, Robert D. Odom, William E. Odom and Clinton W. Odom, Appellants,

v.

Darwin K. CLARK, M.D., Appellee.

No. 12–05–00414–CV.

Court of Appeals of Texas, Tyler.

Feb. 9, 2007.

Richard N. Countiss, Williams Bailey LLP, Houston, for appellants.

James J. Zeleskey, Zeleskey, Cornelius, Hallmark, Roper & Hicks, L.L.P., Lufkin, R. Brent Cooper, Cooper & Scully, P.C., Dallas, for appellee.

Panel consisted of WORTHEN, C.J., GRIFFITH, J., and HOYLE, J.

## OPINION

BRIAN HOYLE, Justice.

On April 13, 2002, Jimmie Sue Odom died of complications resulting from an angioplasty. Appellants Herbert D. Odom, Robert D. Odom, William D. Odom, and Clinton W. Odom are the surviving children of Mrs. Odom. In their sole issue, the Odoms contend that the trial court abused its discretion by unreasonably limiting voir dire in their subsequent medical malpractice lawsuit. We affirm.

### BACKGROUND

On April 21, 2003, the Odoms filed a lawsuit against Appellee Darwin K. Clark, M.D., alleging that Dr. Clark was negligent in his performance of Mrs. Odom's surgery and thus caused her death. On January 10, 2005, the Odoms filed a motion to enlarge time for voir dire. In the motion, the Odoms contended that the jury pool would have "been subjected to media coverage of the medical malpractice insurance crisis, tort reform, and the flight of doctors from their practices due to exorbitant liability insurance costs." Further, they alleged that they would not have an adequate opportunity to intelligently exercise their peremptory challenges if they were not given "ample time to conduct voir dire." They also stated that they needed adequate time to question the venire about the statewide debate over the "liability insurance crisis" and the "lawsuit crisis." The Odoms did not include any potential questions in their motion, but, instead, merely stated broad areas of inquiry.

On October 19, 2005, the trial court held a hearing on pretrial motions during which it considered the Odoms' motion. At that hearing, counsel for the Odoms requested one and one half hours to conduct voir dire on behalf of the Odoms. The trial court explained that the time for voir dire was limited because more than one voir dire was scheduled for that day. The trial court then instructed the parties that they would be limited to no more than one hour per side to conduct their voir dire examination. The parties did not object to this ruling.

Voir dire took place on September 6, 2005. The trial court began by explaining the voir dire process to the venire. Counsel for the Odoms was then allowed to conduct his voir dire examination. During the one hour afforded him, counsel gathered enough information to later successfully challenge 29 of the 88 potential jurors for cause. Nonetheless, at the end of the one hour time limit, counsel asserted that he had not been given enough time and requested five additional minutes from the trial court. The trial court denied the request. Counsel was allowed to ask the panel two additional questions. The trial court then ended counsel's voir dire.

Following the end of his voir dire, counsel for the Odoms reasserted the motion to enlarge time for voir dire. Counsel indicated that he had not yet had an adequate opportunity to question the venire about ten areas of inquiry. More specifically, counsel stated as follows:

> We would ask the Court, please for more time to voir dire and to ask a number of questions, including areas with regard to frivolous lawsuits and frivolous defenses, tort reform. Your Honor, we need to ask these jurors ... about some of their businesses that they did not fully answer in their questionnaire. We need to visit with them about the controversy regarding caps on damages and punitive damages. We need to ask their feelings about trial lawyers in general. We need to ask them about their experiences with regard to lawsuits and injuries.

The trial court denied the request. Counsel did not present the trial court with the questions he wished to ask.

The jury found that Dr. Clark did not cause the death of Mrs. Odom. The trial court entered a take nothing judgment against the Odoms. The Odoms filed a motion for new trial, listing their potential areas of inquiry with more specificity. Following a hearing, the trial court denied the motion for new trial. This appeal followed.

### LIMITATION OF VOIR DIRE

The Odoms contend that the trial court abused its discretion by unreasonably limiting their voir dire. Specifically, the Odoms argue that the trial court's one hour limitation on their voir dire left them with insufficient time to develop the information necessary to insure a fair and impartial jury. Dr. Clark first asserts that the Odoms failed to preserve this issue for our review.

■■■ Rule 33.1(a) of the Texas Rules of Appellate Procedure reads as follows:

As a prerequisite to presenting a complaint for appellate review, the record must show that ... the complaint was made to the trial court by a timely request, objection, or motion that ... stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context....

TEX.R.APP. P. 33.1(a). This rule is to ensure that the trial court has had the opportunity to rule on matters for which parties later seek appellate review. *In re E. Tex. Med. Ctr. Athens,* 154 S.W.3d 933, 936 (Tex.App.-Tyler 2005, orig. proceeding). In the context of a trial court's refusal to allow further voir dire examination, the complaining party must "adequately apprise[ ] the trial court of the nature of [its] inquiry." *Hyundai Motor Co. v. Vasquez,* 189 S.W.3d 743, 758 (Tex.2006) (quoting *Babcock v. Nw. Mem'l Hosp.,* 767 S.W.2d 705, 707 (Tex.1989)).

■■■ In some instances, an area of inquiry may be proper, but not the particular question asked. *Vasquez,* 189 S.W.3d at 758. Generally, where counsel merely states areas of inquiry, but fails to present the trial court with the specific questions he wishes to ask, the trial court is denied an opportunity to make a meaningful ruling and error is not preserved. *See Caldwell v. State,* 818 S.W.2d 790, 794 (Tex. Crim.App.1991); *see also Vasquez,* 189 S.W.3d at 758. However, there is no requirement that counsel place specific questions in the record if the nature of the questions is apparent from the context. *Babcock,* 767 S.W.2d at 708. However, "[a] trial court should not be expected to separate the wheat from the chaff, cull out potentially valid subject matters from overly broad topic descriptions, and anticipate the form in which a specific question emanating from a topic will be asked." *S.D.G. v. State,* 936 S.W.2d 371, 380 (Tex. App.-Houston [14th Dist.] 1996, writ denied) (quoting *Godine v. State,* 874 S.W.2d 197, 200–01 (Tex.App.-Houston [14th Dist.] 1994, no pet.)).

■■■ Following the end of his voir dire, counsel for the Odoms reasserted his motion to enlarge time for voir dire. Counsel indicated that he had not yet had an adequate opportunity to question the venire about ten additional areas of inquiry. Counsel did not present the trial court with the questions he wished to ask. Moreover, the trial court in this case was not timely presented with any information that would have made the nature of the Odoms' questions apparent.[1] Instead, the

---

1. The Odoms' motion for new trial provided     more detail about their ten additional areas of

trial court was merely informed of ten broad areas of inquiry. Because the Odoms' potential questions were neither before the trial court nor apparent from the context in which their areas of inquiry were stated, the Odoms have failed to preserve their issue for review. *See Babcock,* 767 S.W.2d at 708.

Therefore, we overrule the Odoms' sole issue.

### DISPOSITION

We *affirm* the trial court's judgment.

inquiry. However, their motion does not preserve error because it came too late in the proceeding to afford the trial court an opportunity to cure the alleged error. *See Credille v. State,* 925 S.W.2d 112, 115–16 (Tex.App.-Houston [14th Dist.] 1996, pet. ref'd).