**In re Houston M. SMITH and the Law Offices of Houston Smith, P.C., Relators.**

**No. 05–11–01657–CV.**

Court of Appeals of Texas, Dallas.

March 30, 2012.

Michael A. Yanof, Alison H. Moore, Jason R. Jobe, Thompson, Coe, Cousins, & Iron, L.L.P., Dallas TX, for Relators.

Daniel J. Sheehan, Jr., Michael Patrick McShan, John M. Phalen, Jr., Daniel Sheehan & Associates, L.L.P., Dallas TX, for Real Party in Interest.

Before Justices BRIDGES, FITZGERALD, and MURPHY.

## OPINION

Opinion by Justice FITZGERALD.

Relators filed this mandamus proceeding after the trial judge signed an order denying their motion for leave to designate a responsible third party. We conclude the trial judge abused his discretion in doing so without granting leave to replead and relators have no adequate remedy by appeal. We therefore conditionally grant mandamus relief.

### I. BACKGROUND

Real party in interest Melvia Lewis sued relators for legal malpractice. Lewis alleges the following facts. He was injured in an auto accident when the vehicle in which he was riding was rear-ended by a vehicle driven by Edith Winfrey. Lewis hired relators Houston M. Smith and his law firm, The Law Offices of Houston Smith, P.C., to represent him. Relators then erroneously sued Mary Winfrey, the mother of Edith Winfrey. Although Mary Winfrey owned the car that her daughter was driving, she was not in the car at the time of the accident. Relators amended Lewis's petition within limitations to add Kristi McDowell, the driver of the vehicle Lewis was a passenger in, as a defendant, but they never joined Edith Winfrey as a defendant. After limitations ran, Mary Winfrey filed a motion for summary judgment on the ground that she was not in the car at the time of the accident, and relators nonsuited Lewis's claims against Mary Winfrey. Lewis eventually settled with McDowell. Lewis sued relators for negligently investigating his case, failing to sue Edith Winfrey in a timely fashion, and failing to obtain sufficient compensation for Lewis's injuries and medical needs.

Relators moved for leave to designate Edith Winfrey as a responsible third party. In their motion, they alleged that Edith Winfrey was the driver of the vehicle involved in the auto accident and that she negligently caused or contributed to cause Lewis's injuries and damages. Lewis filed a response in opposition, in which he argued that Chapter 33 of the Texas Civil Practice and Remedies Code did not apply at all and that Edith Winfrey could not be a responsible third party because she did not cause or contribute to cause the harm for which Lewis was suing relators. After a hearing, the trial judge signed an order denying relators' motion for leave to designate Edith Winfrey as a responsible third party without affording relators an opportunity to replead.

### II. ANALYSIS

#### A. Abuse of discretion

We agree with relators that the trial judge lacked the discretion to deny their

motion for leave without first granting them leave to replead. Our recent decision in *In re Oncor Electric Delivery Co. LLC*, 355 S.W.3d 304 (Tex.App.-Dallas 2011, orig. proceeding), is controlling. Under section 33.004 of the civil practice and remedies code, a trial judge may not deny a motion for leave to designate a responsible third party without first giving the movant leave to replead the facts concerning the alleged responsibility of the alleged responsible third party. *Id.* at 306 (construing TEX. CIV. PRAC. & REM.CODE ANN. § 33.004(a), (f), and (g)).[1] In *In re Oncor*, as in this case, the trial judge denied a motion for leave to designate a responsible third party without giving the movant an opportunity to replead. *See id.* We held that this was an abuse of discretion that could not be adequately addressed by appeal. *Id.* Accordingly, we conditionally granted mandamus relief, directing the trial judge to vacate the order denying the motion for leave and to render a new order either granting the movant leave to replead or granting the motion for leave to designate. *Id.* Thus, it appears that relators are entitled to the same relief in this case.

Lewis raises several arguments in opposition to relators' petition, and we consider each in turn.

### 1. The applicability of Chapter 33

■ Lewis argues that Chapter 33 of the civil practice and remedies code does not apply to this case at all. We disagree. Chapter 33 applies to "any cause of action based on tort in which a defendant, settling person, or responsible third party is found responsible for a percentage of the harm for which relief is sought." TEX. CIV. PRAC. & REM.CODE ANN. § 33.002(a)(1) (West 2008). Lewis is suing relators—defendants—for legal malpractice, which is a tort. *See Willis v. Maverick*, 760 S.W.2d 642, 644 (Tex.1988) ("A cause of action for legal malpractice is in the nature of a tort...."). Thus, Chapter 33 applies.

### 2. Waiver and futility

Lewis also asserts that relators are not entitled to mandamus relief because they did not ask the trial judge for an opportunity to replead. Factually, the mandamus record does not show a specific request by relators for an opportunity to replead. There is no reporter's record, and relators assert without contradiction that no testimony was taken and the hearing was not transcribed by a court reporter. In their motion for leave to designate a responsible third party, relators prayed that Edith Winfrey be designated a responsible third party and "for such other and further relief to which Defendants may be justly entitled." Lewis also contends that it would be futile for us to require the trial judge to grant relators an opportunity to replead.

We reject Lewis's arguments for the following reasons.

### a. Lewis did not demonstrate futility

■ Lewis argues that relators were not entitled to an opportunity to replead because affording that opportunity would have been futile. Lewis contends that, because Edith Winfrey was not an attorney, there is no set of facts that relators

---

1. We said the same in a previous mandamus opinion arising from the same litigation: "A trial court that is presented with a motion for leave to designate a responsible third party and an objection to the motion, as the trial court was here, may either grant the motion or, should the objection to the motion be sustained, grant leave to replead sufficient facts to allege the person's responsibility." *In re Oncor Elec. Delivery Co. LLC*, No. 05–11–00188–CV, 2011 WL 989071, at *1 (Tex.App.-Dallas Mar. 22, 2011, orig. proceeding) (mem. op.).

could plead that would make her a proper responsible third party in this legal-malpractice case. We disagree.

One of Lewis's claims against relators is that relators negligently investigated Lewis's personal-injury case, thereby leading them to sue the wrong defendant and to fail to sue the actual tortfeasor, Edith Winfrey, within limitations. Lewis has not negated every set of facts that may show that non-attorneys could have contributed to cause the resulting harm, that being the loss of Lewis's negligence claim against Edith Winfrey. We note that relators have pleaded the affirmative defense of contributory negligence against Lewis himself.[2] If relators made a similar allegation against Edith Winfrey—that she somehow tortiously contributed to any error committed by the relators—the fact that Edith Winfrey is not an attorney would not necessarily mean she could not have tortiously contributed to cause the harm for which Lewis is suing relators. At this early stage in the proceedings, we cannot accept Lewis's contention that it would necessarily be futile to grant relators an opportunity to replead.

■ Moreover, section 33.004 does not contain a futility exception to its rule that the movant must be given an opportunity to replead. Thus, the trial judge does not have the discretion to deny a motion for leave to designate a responsible third party without first giving the movant an opportunity to replead. *See In re Oncor Elec. Delivery Co.*, 355 S.W.3d at 306.

**b. Lewis's objection in the trial court was insufficient**

■ We also reject Lewis's argument that relators waived the right to replead. As the party opposing a motion for leave to designate a responsible third party, Lewis bore the burden of establishing two elements: (1) that relators did not plead sufficient facts concerning Edith Winfrey's responsibility to satisfy the general pleading requirements of the rules of civil procedure, and (2) that relators still failed to plead sufficient facts after having been granted leave to replead. *See* Tex. Civ. Prac. & Rem.Code Ann. § 33.004(g). In the text of Lewis's written response to relators' motion for leave to designate, he asserted three principal arguments: (1) that Chapter 33 did not apply at all, (2) that Edith Winfrey was not a proper responsible third party because the damages Lewis sought from relators were different from his auto-accident damages, and (3) that relators could not use Chapter 33 to avoid their own responsibility by reviving limitations against Edith Winfrey. None of these arguments addressed the sufficiency of relators' pleadings. Rather, Lewis referred to the pleading standard of section 33.004(g) only in a footnote in his response, in which he stated:

> Defendants cannot merely "contend" that Edith Winfrey caused or contributed to "Plaintiff's alleged injuries and damages." They must plead specific facts concerning her alleged responsibility. TRCP [sic] § 33.004(g). Defendants have failed to meet this burden because they have failed to plead *any* specific facts explaining how Edith Winfrey could have committed legal malpractice upon Lewis.

This bare assertion, buried in a footnote, was not sufficient to satisfy Lewis's burden under section 33.004(g)(1) to establish that relators failed to meet their pleading burden. *See* Tex.R.App. P. 33.1(a)(1)(A) (stating that party must state the grounds for

---

**2.** At oral argument, relators stated that they relied on information provided by Lewis when they sued Mary Winfrey.

the ruling it sought from the trial court "with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context"); *Odom v. Clark,* 215 S.W.3d 571, 574 (Tex.App.-Tyler 2007, pet. denied) (stating that purpose of Rule 33.1(a) is "to ensure that the trial court has had the opportunity to rule on matters for which parties later seek appellate review"); *see also Lincoln v. Clark Freight Lines, Inc.,* 285 S.W.3d 79, 84–85 n. 4 (Tex.App.-Houston [1st Dist.] 2009, no pet.) (argument raised only by bare assertion in footnote in appellate brief was waived); *cf. Bever Props., L.L.C. v. Jerry Huffman Custom Builder, L.L.C.,* 355 S.W.3d 878, 888 (Tex. App.-Dallas 2011, no pet.) (if no-evidence motion for summary judgment fails to identify and challenge specific elements, it is fundamentally defective and cannot support a judgment).

Because Lewis's response and objection to the motion for leave to designate was insufficient under section 33.004(g), the response could not and did not shift any burden to relators to request leave to replead.

**c. Relators bore no burden to request leave to replead**

█ We also reject Lewis's waiver argument because it is not consistent with the statutory scheme allocating burdens between the parties. If the movant seeking to designate a responsible third party timely files a motion for leave to designate, the trial court "shall grant leave to designate the named person as a responsible third party unless another party files an objection to the motion for leave on or before the 15th day after the date the motion is served." TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(f). Under the Code Construction Act, the word "shall" "imposes a duty" unless context necessarily requires a different meaning or express statutory text provides otherwise. TEX. GOV'T CODE ANN. § 311.016(2) (West 2005); *see also Albertson's, Inc. v. Sinclair,* 984 S.W.2d 958, 961 (Tex.1999) ("We generally construe the word 'shall' as mandatory, unless legislative intent suggests otherwise."). So a trial judge must grant the motion for leave to designate if no timely objection is filed. TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(f). Moreover, and of particular relevance to this original proceeding, section 33.004(g) provides that the trial judge must grant the motion even if a timely objection is filed unless the objecting party carries the burden of establishing two matters. The statute provides:

(g) If an objection to the motion for leave is timely filed, the court shall grant leave to designate the person as a responsible third party unless the objecting party establishes:

(1) the defendant did not plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirement of the Texas Rules of Civil Procedure; and

(2) after having been granted leave to replead, the defendant failed to plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirements of the Texas Rules of Civil Procedure.

*Id.* § 33.004(g). Thus, under section 33.004(g)(2), Lewis bore the burden of showing that relators were given leave to replead before the trial judge could have discretion to deny relators' motion for leave to designate. The record contains no indication that Lewis made that showing, nor any indication that the trial judge gave relators an opportunity to replead. During oral argument in this Court, Lewis admitted that he had not met his bur-

den on this element.[3] Because Lewis did not carry his burden, the trial judge's only options were to grant relators' motion for leave to designate or to defer ruling while giving relators an opportunity to replead. The judge abused his discretion by denying the motion for leave to designate outright, regardless of whether relators specifically asked for an opportunity to replead.

Our conclusion that relators did not bear the burden of seeking leave to replead is reinforced by our opinion in *In re Oncor*. That opinion contains no indication that the relator made a separate request for an opportunity to replead, but rather states only that the relator "moved to designate [a plaintiff] as a responsible third party." *In re Oncor Elec. Delivery Co.*, 355 S.W.3d at 305. Nevertheless, we construed the statute to preclude the trial judge from denying a motion to designate without granting the movant a chance to replead. *See id.* at 306 ("The statute requires the trial judge to grant relator leave to replead the facts concerning the alleged responsibility of [the responsible third party] before denying its motion for leave to designate him a responsible third party."). We then granted mandamus relief, requiring the trial judge either to grant leave to replead or to grant the motion to designate

a responsible third party. *Id.* It would be inconsistent with *In re Oncor* to deny relators relief in this case because they did not specifically request leave to replead. We conclude that the trial judge was statutorily required to give relators an opportunity to replead before denying their motion, regardless of whether they made a specific request for time to replead.[4]

In sum, the relief relators wanted was leave to designate a responsible third party, and by filing a timely motion for that leave, they satisfied the threshold burden the statute placed on them. Their motion shifted the burden onto Lewis to establish that relators had been given an opportunity to replead before the trial judge could have any discretion to deny relators' motion. The only options lawfully available to the trial judge were to grant relators' motion for leave to designate or to grant relators an opportunity to replead. Accordingly, we conclude that relators were not required to ask for leave to replead in order to preserve error.

### B. No adequate remedy by appeal

■■ In our opinion in *In re Oncor*, we concluded, "An improper denial of leave to designate a responsible third party may not be adequately addressed by appeal," and we granted mandamus relief.[5] *In re*

---

3. Based on Lewis's concession during oral argument, the dissent argues that relators could have already repleaded in the trial court. We disagree. After oral argument, we asked the parties to advise us whether they had reached agreement during argument that we should dismiss this original proceeding so that relators could replead in the trial court. Lewis responded that no agreement was reached and that remand to the trial court to allow relators to replead was inappropriate because relators did not seek such relief in the trial court or in this Court. Thus, it appears that Lewis would oppose any attempt to replead by relators.

4. The dissent argues that relators bore the burden of seeking leave to replead in order to preserve error. The dissent relies on cases involving formally defective summary-judgment evidence and special exceptions to deficient pleadings. These cases are distinguishable. Under the unique scheme set forth in section 33.004, an opportunity to replead is an element that must be proved by the party objecting to the motion for leave to designate a responsible third party. It would be inconsistent with this statutory scheme to place any burden on the movant to request leave to replead.

5. Courts of appeals have disagreed about whether a party that is aggrieved by a trial

*Oncor Elec. Delivery Co.*, 355 S.W.3d at 306. Thus, we conclude that *In re Oncor* stands for the proposition that appeal is ordinarily an inadequate remedy when a trial judge erroneously denies a motion for leave to designate a responsible third party without granting leave to replead. *See id.* The instant case is thus indistinguishable from *In re Oncor*, and we are obliged to follow it. *See MobileVision Imaging Servs., L.L.C. v. LifeCare Hosps. of N. Tex., L.P.*, 260 S.W.3d 561, 566 (Tex.App.-Dallas 2008, no pet.) ("We may not overrule a prior panel decision of this Court absent an intervening change in the law by the legislature, a higher court, or this Court sitting en banc.").

Relators have shown that they have no adequate remedy by appeal, and thus they are entitled to mandamus relief.

### III. Conclusion

We express no opinion as to whether relators satisfied their pleading burden under section 33.004(g)(1). We hold only that the trial judge abused his discretion by denying relators' motion for leave to designate a responsible third party without granting them an opportunity to replead. *See In re Oncor Elec. Delivery Co.*, 355 S.W.3d at 306.

Accordingly, we conditionally grant relators' petition for writ of mandamus. The writ will issue only if the trial judge fails to vacate his October 27, 2011 "Order Denying Defendants' Motion for Leave to Designate Edith Winfrey as a Responsible Third Party" and to render a new order either granting relators leave to replead facts supporting the designation or granting the motion for leave to designate.

MURPHY, J. dissenting.

Dissenting Opinion By Justice
MURPHY.

A prerequisite to presenting a complaint for appellate review is a timely request, objection, or motion that states the grounds for the ruling that the complaining party sought from the trial court. Tex. R.App. P. 33.1(a)(1)(A). This Court has cited or quoted this mandate repeatedly to emphasize that the trial court must have the opportunity to rule on an issue or to correct an erroneous ruling before we can review the issue on appeal, much less mandamus a trial court for a clear abuse of discretion. Yet we are conditionally granting mandamus to require the trial court to allow relators the opportunity to replead facts relating to their motion to designate a responsible third party (RTP) when relators never asked the trial court for that opportunity and stated at oral argument that there is "no need to replead." I respectfully dissent.

The only chapter 33 arguments before the trial court related to the merits of whether the driver of the vehicle in Melvia Lewis's underlying personal injury lawsuit could be an RTP in his subsequent malpractice lawsuit against his former attorneys. For the first time in their petition

judge's erroneous ruling on a responsible-third-party issue has an adequate remedy by appeal. Some courts have granted mandamus relief. *E.g., In re Brokers Logistics, Ltd.*, 320 S.W.3d 402, 408 (Tex.App.-El Paso 2010, orig. proceeding); *In re Arthur Andersen LLP*, 121 S.W.3d 471, 485–86 (Tex.App.-Houston [14th Dist.] 2003, orig. proceeding [mand. denied] ). Others have denied mandamus relief, holding that appeal is ordinarily an ade-

quate remedy for such errors. *E.g., In re Inv. Capital Corp.*, No. 14–09–00105–CV, 2009 WL 310899, at *2 (Tex. App.-Houston [14th Dist.] Feb. 4, 2009, orig. proceeding) (mem. op.); *In re Unitec Elevator Servs. Co.*, 178 S.W.3d 53, 63–64 (Tex. App.-Houston [1st Dist.] 2005, orig. proceeding); *In re Martin*, 147 S.W.3d 453, 459–60 (Tex.App.-Beaumont 2004, orig. proceeding, pet. denied).

for writ of mandamus, relators claim the trial court abused its discretion by not allowing them the opportunity to replead facts; yet the facts related to the RTP designation were not disputed. The parties' dispute is a legal issue. And while I agree that counsel for real party in interest agreed at oral argument that relators are entitled to replead, I would conclude they did not preserve that right for purposes of their petition for writ of mandamus and that they have an adequate remedy at law. Relators can file a motion with the trial court seeking reconsideration on the basis urged to this Court or ask for leave to amend. Relators could have already repleaded at the trial court and re-addressed the merits of their substantive arguments as to the capacity of the driver in the underlying personal injury lawsuit to be an RTP in this subsequent legal malpractice lawsuit.

The majority relies on our recent decision in *In re Oncor Electric Delivery Co. LLC*, 355 S.W.3d 304 (Tex.App.-Dallas 2011, orig. proceeding), as controlling authority for the proposition that the trial court was required on its own motion to allow relators leave to amend their petition under chapter 33. The opinion in that case, as noted by the majority, is silent as to whether there was a request for leave to replead. Notwithstanding that silence, which often is used to distinguish cases, the majority assumes there was no request to replead in *Oncor* by concluding it "would be inconsistent with *Oncor* to deny relators relief in this case because they did not specifically request leave to replead." Chapter 33 no doubt contains mandatory language. Yet we have found waiver or lack of preservation in similar circumstances.

For example, an opposing party must have the opportunity to amend a summary judgment affidavit in response to an objec-tion to the form. *See* Tex.R. Civ. P. 166a(f); *Hewitt v. Biscaro*, 353 S.W.3d 304, 307–08 (Tex.App.-Dallas 2011, no pet.). The trial court is required to give a party that opportunity to amend. Tex.R. Civ. P. 166a(f). For purposes of appeal, however, that right is waived if the proponent of the evidence fails to request a continuance or "otherwise assert its right to amend." *Brown v. Wong*, No. 05–99–00706–CV, 2000 WL 433973, at *3 (Tex.App.-Dallas Apr. 24, 2000, pet. denied) (not designated for publication) (citing *Eckmann v. Des Rosiers*, 940 S.W.2d 394, 400 (Tex.App.-Austin 1997, no writ)). Similarly, when a trial court sustains special exceptions, the court "must give the pleader an opportunity to amend the pleading"—the trial court has no discretion. *Friesenhahn v. Ryan*, 960 S.W.2d 656, 658 (Tex.1998). The complaining party must, however, prove "the opportunity to replead was requested and denied to preserve the error for review." *Parker v. Barefield*, 206 S.W.3d 119, 120 (Tex.2006) (per curiam); *Cadle Co. v. Jenkins*, 266 S.W.3d 4, 7 n. 5 (Tex.App.-Dallas 2008, no pet.).

It is incumbent on counsel, when possible, to allow trial judges and opposing parties the opportunity to consider new arguments before raising those for the first time in a petition for writ of mandamus or on appeal. Similarly, we are empowered as an appellate court to address only those issues preserved for review. *See* Tex.R.App. P. 33.1. Accordingly, I respectfully dissent from the majority's decision to grant mandamus.