

# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

No. 04-16-00333-CV

**IN RE** Cleo **BUSTAMANTE**, Jr.

Original Mandamus Proceeding[1]

Opinion by:      Marialyn Barnard, Justice
Dissenting Opinion by:  Rebeca C. Martinez, Justice, joined by Luz Elena D. Chapa, Justice
Dissenting Opinion by:  Luz Elena D. Chapa, Justice

Sitting en banc:  Sandee Bryan Marion, Chief Justice
                Karen Angelini, Justice
                Marialyn Barnard, Justice
                Rebeca C. Martinez, Justice
                Patricia O. Alvarez, Justice
                Luz Elena D. Chapa, Justice
                Jason Pulliam, Justice

Delivered and Filed:  November 23, 2016

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED IN PART

Relator, Cleo Bustamante, Jr., filed this petition for writ of mandamus complaining the trial court erred by: (1) refusing to rule on his motion for summary judgment; and (2) denying his motion for leave to designate responsible third parties. We hold the trial court clearly abused its discretion by denying the motion for leave to designate responsible third parties and an appeal does not provide an adequate remedy for this error. Therefore, we conditionally grant mandamus on this issue. We do not reach the complaint regarding the motion for summary judgment.

---

[1] This proceeding arises out of Cause No. 12-05-27517, styled *Roberto Fernandez and Maria Imelda Flores v. Abaco Consultants, Inc., et al.*, pending in the 365th Judicial District Court, Maverick County, Texas, the Honorable Amado J. Abascal, III presiding.

**BACKGROUND**

On September 22, 2010, Roberto Fernandez, while in the course and scope of his employment for Cleo Bustamante Enterprises, Inc. ("CBE"), was injured when a vehicle driven by Irasma Estrada Riojas struck him and pinned him against the wall of the Cleo Convenience Center where Fernandez worked. On September 21, 2012, one day before the statute of limitations expired, Fernandez and his wife filed suit against a number of defendants, including Bustamante, but did not sue either Riojas, with whom Fernandez had settled, or CBE, through whom Fernandez had received workers' compensation.[2] On October 4, 2012, Bustamante answered with a general denial.

On October 26, 2015, Bustamante filed a motion for leave to designate Riojas and CBE as responsible third parties pursuant to section 33.004 of the Texas Civil Practice and Remedies Code. The Fernandezes filed an objection to the motion for leave on November 10, 2015. In their objection, the Fernandezes argued that the motion should be denied because it was filed after the statute of limitations had expired and because Bustamante had failed to timely disclose that CBE or Riojas were potential responsible third parties.

The motion for leave was heard on April 20, 2016. At the hearing, the Fernandezes argued that Bustamante had not disclosed CBE and Riojas as potential responsible third parties in response to the Fernandezes' requests for disclosure; therefore, Bustamante was barred from designating them as responsible third parties. Bustamante pointed out the Fernandezes were already aware of the existence and potential liability of CBE and Riojas. Bustamante further argued the purpose of disclosure in regards to the designation of responsible third parties is to allow plaintiffs an opportunity to sue third parties before limitations expire, and this purpose was obviated because

---

[2] Prior to suit, Fernandez settled his claim against Riojas and the owner of the vehicle Riojas was driving for $300,000.00.

the statute of limitations expired the day after the Fernandezes filed suit. Because the Fernandezes did not file suit until the day before the statute of limitations expired, Bustamante contends he could not have timely disclosed any potential responsible third parties and, due to this impossibility, Bustamante had no duty to timely disclose potential responsible third parties. The trial court denied Bustamante's motion for leave, and this mandamus ensued.

### MANDAMUS STANDARD

Mandamus relief is an extraordinary remedy and will issue only to correct a clear abuse of discretion when there is no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). A trial court abuses its discretion when it reaches a decision so arbitrary and unreasonable that it constitutes a clear and prejudicial error of law, or if it clearly fails to correctly analyze or apply the law. *In re Cerberus Capital Mgmt., L.P*., 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding); *Walker*, 827 S.W.2d at 840. A trial court has no discretion in determining what the law is or applying the law to the facts, even when the law is unsettled. *Prudential*, 148 S.W.3d at 135.

### DID THE TRIAL COURT ABUSE ITS DISCRETION?

We first consider whether the trial court abused its discretion by denying the motion for leave to designate Riojas and CBE as responsible third parties. To do this, we must determine if the motion for leave to designate was timely filed and, if so, was there a reason for the trial court to deny the motion.

### A.  Timely Designating Responsible Third Parties

The designation of responsible third parties is governed by Chapter 33 of the Texas Civil Practice and Remedies Code. TEX. CIV. PRAC. & REM. CODE. ANN. §§ 33.001-33.017 (West 2015). A defendant in a tort claim may designate as a responsible third party "any person who is alleged

to have caused or contributed to causing in any way the harm for which recovery of damages is sought, whether by negligent act or omission, by any defective or unreasonably dangerous product, by other conduct or activity that violates an applicable legal standard, or by any combination of these." TEX. CIV. PRAC. & REM. CODE ANN. § 33.011(6) (West 2015)); *Galbraith Eng'g Consultants, Inc., v. Pochucha*, 290 S.W.3d 863, 868 (Tex. 2009). A motion for leave to designate "must be filed on or before the 60th day before the trial date unless the court finds good cause to allow the motion to be filed at a later date." TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(a). Bustamante's motion for leave to designate responsible third parties was filed prior to the 60th day before the trial date.

A defendant may not designate a person as a responsible third party after the statute of limitations has expired if the defendant failed to "comply with its obligations, if any, to timely disclose that the person may be designated as a responsible third party under the Texas Rules of Civil Procedure." TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(d). The timeliness limitation on a defendant's ability to designate responsible third parties is a procedural safeguard designed to prevent a defendant from "'belatedly pointing its finger at a time-barred responsible third-party against whom the plaintiff has no possibility of recovery.'" *In re CVR Energy, Inc*., No. 01-15-00877-CV, 2016 WL 35448833, at *3 (Tex. App.—Houston [1st Dist.] June 28, 2016, orig. proceeding) (op. on reh'g) (quoting *Withers v. Schneider Nat'l Carriers, Inc.*, 13 F. Supp. 3d 686, 689 (E.D. Tex. 2014)). The statute does not, however, define the term "timely." The Fernandezes argue that, because Rule 194.2(l) includes the identity of a potential responsible third party as an item a party may request another party to disclose, "timely" refers to the time to respond to requests for disclosure under Texas Rule of Civil Procedure 194.3. Bustamante argues "timely" refers to a defendant's obligation to disclose a potential responsible third party before the expiration of the statute of limitations, if possible.

In the case now before this court, the Fernandezes filed suit the day before the limitations period expired, and included requests for disclosure with their petition. Under Texas Rule of Civil Procedure 194.3(a), Bustamante was required to respond to the requests for disclosure within fifty days of being served with the petition. TEX. R. CIV. P. 194.3(a). It is undisputed that Bustamante did not respond to the requests within fifty days of service. The Fernandezes argue Bustamante never responded and thus did not disclose the potential responsible third parties. However, Bustamante points to his responses to requests for disclosure propounded by a co-defendant, in which he listed Riojas as a potential responsible third party. Bustamante also testified in his deposition that Fernandez was employed by CBE, which leased the premises where the accident occurred, while Bustamante owned the premises. Bustamante further testified CBE was the general contractor for the design and construction of the building and parking lot at the premises where the accident occurred. Therefore, Bustamante argues, the Fernandezes were made aware of these potential responsible third parties. *See* TEX. R. CIV. P. 193.5(a)(2) (providing no duty to supplement discovery responses if additional information is made known to other parties "on the record at a deposition, or through other discovery responses").

The Fernandezes are, essentially, taking the position that a defendant loses the statutory right to designate responsible third parties if the defendant fails to respond to a request for disclosure of potential responsible third parties within the deadline contained in Rule 194.3. This is inconsistent with Texas Rule of Civil Procedure 193.6(a), which allows a party who fails to respond to discovery to introduce the undisclosed material or information into evidence if the party shows either (1) good cause existed for the failure to respond to the discovery or (2) the other party will not be unfairly surprised or unfairly prejudiced by the failure to timely respond. TEX. R. CIV. P. 193.6(a). To hold as the Fernandezes suggest would convert Rule 194.2(l) into a technical trap. A party who fails to timely respond to a request for disclosure of information regarding a person

who may be designated as a responsible third party would lose the statutory right to designate responsible third parties, while a party that fails to respond to a request for disclosure of the information required by rules 194.2 (a)-(k) would not face such a penalty. We do not read Section 33.004(d) so narrowly. Instead, we read section 33.004(d) to require a defendant to disclose a potential responsible third party before the expiration of the statute of limitations, if that is possible. In this case, Bustamante did not fail to comply with his obligation to timely disclose Riojas and CBE as potential responsible third parties because it was impossible for Bustamante to make a disclosure before the statute of limitations ran. The statute of limitations ran one day after this suit was filed. The Fernandezes knew Riojas and CBE were potential responsible third parties and, even if we indulge in the legal fiction that the Fernandezes did not know Riojas and CBE were potential responsible third parties, their existence was disclosed when Bustamante was deposed and responded to the co-defendant's requests for disclosure. Thus, we hold Bustamante complied "with [his] obligations, if any, to timely disclose that the person may be designated as a responsible third party under the Texas Rules of Civil Procedure." TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(d).

## B.      Denial of the Motion for Leave

Having determined that Bustamante complied with his obligation to timely disclose CBE and Riojas as responsible third parties, we now consider the grounds upon which a trial court may deny a motion for leave to designate. Once a motion for leave to designate responsible third parties is filed, a court shall grant leave to designate a named person as a responsible third party, unless a timely objection to the motion for leave is filed establishing "the defendant did not plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirements of the Texas Rules of Civil Procedure" and the defendant fails to plead sufficient facts after being given leave to replead. TEX. CIV. PRAC. & REM. CODE § 33.004(g) (West 2015). The Fernandezes did

not contend, either in their written objection to Bustamante's motion, or at the hearing on the motion, that Bustamante failed to plead sufficient facts concerning CBE's and Riojas' alleged responsibility to satisfy the pleading requirements of the Texas Rules of Civil Procedure. A review of the motion shows that it satisfied the pleading requirements.

Texas follows a 'fair notice' standard for pleading. *Low v. Henry*, 221 S.W.3d 609, 612 (Tex. 2007); *see also* TEX. R. CIV. P. 47(a) (stating that pleading setting forth claim for relief must contain short statement of the cause of action sufficient to give fair notice of claim involved). A pleading is sufficient when "an opposing party can ascertain from the pleading the nature, basic issues, and the type of evidence that might be relevant to the controversy." *Low*, 221 S.W.3d at 612. Bustamante's motion for leave alleged that Riojas was the individual who struck Fernandez with her vehicle. The motion also alleged that CBE was the general contractor who hired the engineers and architects who prepared the plans for the buildings on the premises, was the general contractor for the construction of the buildings on the premises, and was thus responsible for any failings in the design and construction. These pleadings satisfy the requirements of the Texas Rules of Civil Procedure.

Section 33.004(g)(1) of the Civil Practice and Remedies Code unequivocally states that a court "shall" grant a motion for leave to designate a responsible third party unless an objecting party establishes the defendant failed to plead sufficient facts to satisfy the pleading requirements of the Texas Rules of Civil Procedure. TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(g)(1). The use of the word "shall" in a statute "imposes a duty." TEX. GOV'T CODE ANN. § 311.016(3) (West 2013), *see also Helena Chem. Co. v. Wilkins*, 47 S.W.3d 486, 493 (Tex. 2001) (noting "must" and "shall" generally recognized as "mandatory, creating a duty or obligation"). The Fernandezes did not allege, much less establish, that Bustamante failed to meet the pleading requirements referenced in section 33.004(g)(1). Thus, the trial court abused its discretion by denying

Bustamante leave to designate CBE and Riojas as responsible third parties. We now consider whether Bustamante has an adequate remedy by appeal.

## NO ADEQUATE REMEDY BY APPEAL

This court has previously held that mandamus relief is not available for the denial of a motion for leave to designate a responsible third party because the moving party has an adequate remedy by appeal. *In re Taymax Fitness, LLC*, No. 04-14-00119-CV, 2014 WL 1831100 (Tex. App.—San Antonio May 7, 2014, orig. proceeding) (mem. op.); *See also In re Caterpillar, Inc.*, No. 04-09-00796-CV, 2009 WL 5062324 (Tex. App.—San Antonio Dec. 23, 2009, orig. proceeding) (mem. op.). However, we now revisit this issue and conclude the better approach to the erroneous denial of a motion for leave to designate a responsible third party is to recognize that an appeal is inadequate and mandamus relief is proper. With this decision, we bring this court in line with the majority of appellate courts in Texas and the Texas Supreme Court's guidance regarding the availability of mandamus relief.

In 2004, the Texas Supreme Court handed down *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124 (Tex. 2004) (orig. proceeding), in which the court "revisited the contours of mandamus relief." *In re J.B. Hunt Transport, Inc.*, 492 S.W.3d 287, 299 (Tex. 2016) (orig. proceeding). The court reiterated the requirements a relator must meet to qualify for mandamus relief: (1) a clear abuse of discretion; and (2) no adequate remedy by appeal. *Prudential* 148 S.W.3d at 135-36 (citing *Walker*, 827 S.W.3d at 840). The court then explained that in determining whether an adequate remedy by appeal exists, an appellate court must engage in the following balancing test:

> The operative word, "adequate", has no comprehensive definition; it is simply a proxy for the careful balance of jurisprudential considerations that determine when appellate courts will use original mandamus proceedings to review the actions of lower courts. These considerations implicate both public and private interests. Mandamus review of incidental, interlocutory rulings by the trial courts unduly

interferes with trial court proceedings, distracts appellate court attention to issues that are unimportant both to the ultimate disposition of the case at hand and to the uniform development of the law, and adds unproductively to the expense and delay of civil litigation. Mandamus review of significant rulings in exceptional cases may be essential to preserve important substantive and procedural rights from impairment or loss, allow the appellate courts to give needed and helpful direction to the law that would otherwise prove elusive in appeals from final judgments, and spare private parties and the public the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings. An appellate remedy is "adequate" when any benefits to mandamus review are outweighed by the detriments. When the benefits outweigh the detriments, appellate courts must consider whether the appellate remedy is adequate.

*Id*. at 136.

The determination of whether an adequate remedy by appeal is available is not "abstract or formulaic," but rather is a practical and prudential determination. *Id*. Flexibility is the principal virtue of mandamus relief and rigid rules are "necessarily inconsistent" with that flexibility. *Id*. Thus, the supreme court has held that "an appellate remedy is not inadequate merely because it may involve more expense or delay" than a writ of mandamus, however, the word "merely" must be carefully considered. *Id*. (quoting *Walker*, 827 S.W.2d at 842). For example, when an order skews the procedural dynamics of a case, a traditional appeal is inadequate and mandamus proper, even if the order would be subject to appeal at the conclusion of the case. *Id*. (citing *Travelers Indem. Co. v. Mayfield*, 923 S.W.2d 590, 595 (Tex. 1996)). Appeal is not an adequate remedy when the denial of mandamus relief would result in an "irreversible waste of judicial and public resources." *Id*. at 137 (quoting *In re Masonite Corp*., 997 S.W.2d 194, 198 (Tex. 1999)). The decision whether there is an adequate remedy on appeal "depends heavily on the circumstances presented." *Id*. at 137. The decision is not confined to the private concerns of the parties but can extend to the impact on the legal system. *Id*. For example, the Texas Supreme Court has granted mandamus relief because the court "could not justify putting the civil justice system itself to the trouble of grinding through proceedings that were certain to be 'little more than a fiction.'" *Id*.

(quoting *In re Masonite Corp.*, 997 S.W.2d at 198). The *Prudential* ruling, and the balancing of factors described therein, has resulted in mandamus relief being available in cases where an appeal was previously considered adequate. *See, e.g.*, *In re J.B. Hunt Transport, Inc.*, 492 S.W.3d at 299-300.

A number of the intermediate courts of appeals have applied the *Prudential* standard to the question of whether an adequate remedy by appeal exists from a wrongful denial of a motion for leave to designate responsible third parties, and the majority of these courts hold no adequate remedy by appeal exists. *See e.g.*, *In re CVR Energy, Inc.*, 2016 WL 35448833, at \*13; *In re Lewis Casing Crews, Inc.*, No 11-14-00137-CV, 2014 WL 3398170, at \*3-5 (Tex. App.—Eastland, July 10, 2014, orig. proceeding) (mem. op.); *In re Altec Indus., Inc.*, No. 10-12-00207-CV, 2012 WL 2469542, at \*2 (Tex. App.—Waco, June 22, 2012 orig. proceeding) (mem. op.); *In re Smith*, 366 S.W.3d 282, 288-89 (Tex. App.—Dallas 2012 orig. proceeding); *In re Brokers Logistics, Ltd*, 320 S.W.3d 402, 408-09 (Tex. App.—El Paso 2010, orig. proceeding).

Applying the *Prudential* balancing test to the case before us, we now overrule *Taymax* and join the majority of our sister courts and hold that there is no adequate remedy by appeal from the trial court's denial of Bustamante's timely motion for leave to designate responsible third parties.

## CONCLUSION

We conditionally grant a writ of mandamus in part. The trial court is directed to grant the motion for leave to designate responsible third parties. In his petition for writ of mandamus, Bustamante also complained the trial court failed to set his motion for summary judgment for hearing. Our disposition of Bustamante's issue regarding the designation of Riojas and CBE as responsible third parties changes the procedural status of the underlying cause and the existing

time available for the trial court to rule on Bustamante's motion for summary judgment before trial, therefore we do not address this issue.

Marialyn Barnard, Justice