Opinion issued October 17, 2023



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-23-00171-CV

————————————

## IN RE ARMANDO LOPEZ, Relator

---

## Original Proceeding on Petition for Writ of Mandamus

---

## MEMORANDUM OPINION

On March 8, 2023, relator Armando Lopez, proceeding pro se, filed a petition for a writ of mandamus challenging two trial court orders: (1) an October 13, 2022 order denying Lopez's "Motion to Disqualify Attorney" Keith Gross, counsel for real party in interest, David Wilson; and (2) a February 1, 2023 order denying Lopez's "Motion for Leave to Designate Responsible Third Party," in which Lopez sought to designate Gross as a responsible third party.

In his mandamus petition, Lopez argued that the trial court abused its discretion in denying his motion to disqualify Gross because Gross, "by his conduct and advice, . . . convinced Wilson to settle his case without first exhausting all available remedies and, in the process, . . . bec[a]me a material witness." Lopez further argued that the trial court abused its discretion in denying his motion to designate Gross as a responsible third party because he "sufficiently pleaded facts" that showed that Gross engaged in conduct that "caused or contributed to Wilson's alleged harm" because the trial court "did not provide Lopez an opportunity to replead, if necessary" and "nothing in Texas law prevent[ed] attorneys from being designated as responsible third parties under Chapter 33 of the Texas Civil Practice and Remedies Code."

Lopez therefore requested that the Court "conditionally grant his petition for writ of mandamus" and "direct the trial court to vacate its orders" and "instead issue an [o]rder designating . . . Gross as a responsible third party" and an order "granting the motion to disqualify . . . Gross as counsel" for Wilson.

After reviewing the petition, response, and the mandamus record, we conclude that the trial court abused its discretion by denying Lopez's motion to designate Gross as a responsible third party without granting him an opportunity to replead,

and we conditionally grant, in part, Lopez's petition for writ of mandamus.[1]  We further conclude that Lopez failed to establish that he is entitled to mandamus relief regarding the trial court's October 13, 2022 order denying his motion to disqualify Gross, and thus, we deny his request for mandamus relief related to the trial court's October 13, 2022 order.

## Background

The underlying lawsuit at issue in this original proceeding was initiated by Wilson, who asserted a cause of action for negligence against Lopez.  Wilson alleged that Lopez, who was hired by Wilson to act as his attorney in an earlier defamation lawsuit, was negligent in investigating and prosecuting the defamation lawsuit. Wilson is represented by Gross in the underlying lawsuit.

The defamation lawsuit arose out of an incident that purportedly occurred during a ribbon cutting ceremony at the Houston Community College North Forest Campus in August 2019.  Wilson, who was a Trustee of Houston Community College, attended the ribbon cutting ceremony.  According to Wilson's original petition, at the ribbon cutting ceremony, Diana C. Barrero Burgos "approached Wilson and greeted him . . . by putting her hand on his forearm."  Wilson then "removed her hand from his forearm as the two had always had an adversar[ial]

---

[1]  The underlying case is *David Wilson v. Armando Lopez*, Cause No. 2022-27346, in the 164th District Court of Harris County, Texas, the Honorable C. Elliott Thornton presiding.

3

relationship." After the ribbon cutting ceremony, Burgos "attempted to press criminal charges" against Wilson, alleging that "Wilson removing her hand constituted an assault."

In connection with the alleged incident, Burgos filed a "written document with Houston Community College–Office of Institutional Equity," alleging "various accusations against Wilson." Two other individuals, Monica Flores Richart and Zaphaniah David Capo, thereafter "published[] or republished" the statements made by Burgos. Wilson hired Lopez to represent him in a potential defamation cause of action against these three individuals. According to Wilson, Lopez "represented to Wilson that the actions of Burgos, Richart, and Capo were in fact defamatory" and Lopez initiated a lawsuit against the three individuals on behalf of Wilson, asserting a cause of action for defamation.

Thereafter, on September 21, 2020, the three individuals filed a motion to dismiss Wilson's defamation claim pursuant to the Texas Citizens Participation Act (TCPA), arguing that their purported statements were protected speech. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.003. A hearing was set for the trial court to consider the motion to dismiss on October 12, 2020. *See id.* § 27.004(a) (trial court must set hearing on TCPA motion to dismiss "not later than the 60th day after the date of service of the motion"). Prior to the hearing, Lopez, on behalf of Wilson, "filed three pleadings asking the trial court to allow limited discovery" in connection

4

with the motion to dismiss. *See id.* § 27.006(b) ("On a motion by a party . . . and on a showing of good cause, the [trial] court may allow specified and limited discovery relevant to the motion."). According to Lopez, to his "surprise, the [trial] court denied" his requests for limited discovery. Lopez did not file a response to the TCPA motion to dismiss.

Subsequently, the trial court granted the TCPA motion to dismiss. After the trial court's ruling on the TCPA motion to dismiss, Wilson, apparently disappointed with the outcome and the counsel he was provided by Lopez, obtained new counsel to represent him in the defamation lawsuit. Wilson hired attorney Gross to assist him in resolving the defamation lawsuit. Gross negotiated a settlement of the defamation lawsuit without seeking further intervention from the trial court or appellate review of the trial court's ruling.

Then, on May 6, 2022, Wilson initiated the underlying litigation against Lopez, alleging that Lopez was negligent in his representation of Wilson in the defamation lawsuit. Wilson alleged that Lopez pressed forward with filing the defamation lawsuit without fully "investigat[ing] whether Burgos, Richart[,] and Capo's conduct was protected under the First Amendment and advis[ing] Wilson on the matter." Further, Wilson alleged Lopez was negligent in "failing to file a substantive response to" the TCPA motion to dismiss. As a result of Lopez's negligent conduct, Wilson alleged that he "suffered damages" and sought

5

"approximately $35,000.00." The underlying lawsuit against Lopez was filed by Gross on behalf of Wilson.

On September 15, 2022, Lopez filed a "Motion to Disqualify Attorney," requesting that the trial court disqualify Gross from representing Wilson in the underlying litigation. In his motion, Lopez argued that Gross should be disqualified because "[a]n attorney is disqualified from acting as an attorney in the case if she becomes a witness." Lopez asserted that Gross "ha[d] personal knowledge of the fact that he was hired by Wilson without consultation or notice to Lopez, that he entered the case after the court granted [the TCPA] motion[] to dismiss, and that he did not file any motion intended to protect Wilson's interest" in the defamation lawsuit, such as a motion for reconsideration, mandamus petition, . . . motion for new trial[,] or notice of appeal.

Instead of taking these potential steps, Lopez alleged that Wilson and Gross "embarked on a course of conduct intended to end the [defamation lawsuit] by immediately entering into settlement discussions." Therefore, Gross must "be called as a witness to provide testimony regarding the foregoing decisions and conduct in concluding the" defamation lawsuit, and his testimony will be "genuinely needed and . . . material to th[e] [underlying] lawsuit." On October 13, 2022, the trial court denied Lopez's motion to disqualify Gross, without explanation. To the extent that

there was a hearing on the motion to disqualify, the mandamus record does not provide a transcript of such hearing.

Separately, on October 19, 2022, Lopez filed a "Motion for Leave to Designate Responsible Third Party." In that motion, Lopez sought to designate Gross as a responsible third party in the underlying lawsuit, alleging that "Wilson's hiring of Gross [in the defamation lawsuit] was a new and independent cause which broke the chain of causation . . . denying Lopez the opportunity to file a motion for reconsideration, a writ of mandamus, a substantive motion for new trial or an appeal."

On February 1, 2023, the trial court denied Lopez's motion for leave to designate Gross as a responsible third party, without explanation. Again, to the extent that there was a hearing on the motion for leave to designate a responsible third party, the mandamus record does not provide a transcript of the hearing.

Thereafter, Lopez filed his petition for writ of mandamus challenging the trial court's orders. A response was requested, and on March 24, 2023, Wilson filed a response to the petition for writ of mandamus.

**Standard of Review**

Mandamus is an extraordinary remedy that is only available in limited circumstances. *See Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992). To be entitled to mandamus relief, Lopez bears the burden to establish that the trial court

7

committed a clear abuse of discretion and that there is no adequate remedy by appeal. *See In re Ford Motor Co.*, 165 S.W.3d 315, 317 (Tex. 2005).

A trial court abuses its discretion where "it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law" or if it clearly fails "to analyze or apply the law correctly." *Walker*, 827 S.W.2d at 839–40. Accordingly, "[m]andamus relief is only appropriate when the relator[] ha[s] established that only one outcome in the trial court was permissible under the law." *In re Murrin Brothers 1885, Ltd.*, 603 S.W.3d 53, 56 (Tex. 2019).

To the extent that Lopez is able to establish an abuse of discretion with respect to the trial court's ruling on his request for leave to designate Gross as a responsible third party, mandamus relief may be appropriate. *See In re CVR Energy, Inc.*, 500 S.W.3d 67, 81 (Tex. App.—Houston [1st Dist.] 2016, orig. proceeding) ("Courts of appeals that have addressed the adequacy of the remedy by appeal in Chapter 33 cases have reached different conclusions, but they repeatedly refer to the . . . maxim that the decision depends heavily upon the circumstances presented." (internal quotations omitted)). Similarly, "[m]andamus is available where a motion to disqualify is inappropriately denied as there is no adequate remedy on appeal." *In re Columbia Valley Healthcare Sys., L.P.*, 320 S.W.3d 819, 823 n.2 (Tex. 2010).

**Motion to Disqualify Attorney**

In his mandamus petition, Lopez argued that the "trial court abused its discretion by denying [his] motion to disqualify [Gross] because, by his conduct and advice to Wilson, Gross convinced Wilson to settle [the defamation lawsuit] without first exhausting available remedies and, in the process, . . . bec[a]me a material witness."

The Texas Supreme Court has concluded that "[d]isqualification is a severe remedy." *Spears v. Fourth Court of Appeals*, 797 S.W.2d 654, 656 (Tex. 1990). Given that, a trial court must "strictly adhere to an exacting standard to discourage a party from using the motion as a dilatory tactic." *See In re Villasanta*, No. 01-11-00474-CV, 2011 WL 4398557, at \*1 (Tex. App.—Houston [1st Dist.] Sept. 22, 2011, orig. proceeding) (mem. op.).

Here, Lopez argued that Gross should be disqualified because he had "become a material witness." However, "[t]he fact that a lawyer serves as both an advocate and a witness does not in itself compel disqualification." *In re Sanders*, 153 S.W.3d 54, 57 (Tex. 2004). Instead, "[d]isqualification is only appropriate if the lawyer's testimony is necessary to establish an essential fact." *Id.* Importantly, "the party requesting disqualification must demonstrate that the opposing lawyer's dual roles as attorney and witness will cause the party actual prejudice." *Id.*

In his motion to the trial court, Lopez argued that Gross should be disqualified because he "ha[d] personal knowledge of the fact that he was hired by Wilson without consultation or notice to Lopez, that he entered the case after the [trial] court granted [the TCPA] motion[] to dismiss [in the defamation lawsuit], and that he did not file any" pleading to challenge that ruling. Instead of challenging the trial court's TCPA order in the defamation lawsuit, "Wilson and [Gross] embarked on a course of conduct intended to end the litigation by immediately entering into settlement discussions." Accordingly, Lopez stated that Gross would "be called as a witness to provide testimony regarding" those "decisions and conduct in concluding the underlying litigation." Lopez further suggested that Gross's testimony was "genuinely needed and [was] material to his suit, relate[d] to contested issues in th[e] [underlying lawsuit], and [was] not merely a formality."

In response to Lopez's motion to disqualify, Wilson and Gross asserted that Lopez failed to meet his burden to establish (1) that Lopez could not obtain testimony on the identified subjects from another source, therefore making Gross's testimony unnecessary; and (2) Lopez failed to establish the "actual prejudice" he would suffer if Gross was permitted to continue his representation of Wilson.

We conclude that Lopez has failed to establish that Gross's testimony would be "necessary to establish an essential fact" and that such information could not be obtained from an alternative source, namely Wilson. *See* TEX. DISCIPLINARY R.

PROF'L CONDUCT 3.08(a); *see also In re Sanders*, 153 S.W.3d at 57; *In re Villasanta*, 2011 WL 4398557, at *2. Further, we conclude that Lopez failed to establish the prejudice he would be subjected to if Gross was allowed to continue his representation of Wilson.

Accordingly, we hold that Lopez has not meet his burden of establishing that the trial court abused its discretion by denying his motion to disqualify attorney Gross. We therefore deny Lopez's request for mandamus relief to the extent that Lopez seeks a writ of mandamus directing the trial court to vacate its October 13, 2022 order denying Lopez's motion to disqualify attorney Gross.

**Motion for Leave to Designate Responsible Third Party**

In his mandamus petition, Lopez next argued that the trial court abused its discretion by denying his motion for leave to designate Gross as a responsible third party in the underlying lawsuit because the trial court denied his motion without "provid[ing] [him] an opportunity to replead, if necessary."

In his motion to the trial court, Lopez argued that Texas Civil Practice and Remedies Code section 33.004(a) provides that "a defendant can move for leave to designate a person as a responsible third party." He further stated that a "responsible third party [was] a person who [was] alleged to have caused or contributed to causing in any way the harm for which recovery of damages [were] sought, whether by negligent act or omission, or by other conduct or activity that violates an applicable

11

legal standard." Lopez then concluded that "[i]n th[e] [underlying lawsuit], Keith Gross [was] a responsible third party because he caused or contributed to the alleged harm for which recovery of damages [were] sought by Wilson."

Texas Civil Practice and Remedies Code section 33.004(a) states that a defendant "may seek to designate a person as a responsible third party by filing a motion for leave to designate that person as a responsible third party." TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(a). Notably, "the pleading requirements for designating a responsible third party at the outset of a case are not stringent." *In re Cook*, 629 S.W.3d 591, 596 (Tex. App.—Dallas 2021, orig. proceeding). A party meets his pleading requirement by satisfying a "fair notice" standard. *See* TEX. R. CIV. P. 47(a) (requiring "a short statement of the cause of action sufficient to give fair notice of the claim involved"). "So long as a party can ascertain from the pleading the nature, basic issues, and type of evidence that might be relevant to the controversy, a pleading satisfies the [Texas] Rule [of Civil Procedure] 47(a) standard." *In re YRC Inc.*, 646 S.W.3d 805, 809–10 (Tex. 2022).

To this end, there are few limitations for designating responsible third parties. First, the statute requires that any motion for leave to designate "be filed on or before the [sixtieth] day before the trial date." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(a). Here, Lopez filed his motion for leave before the trial court set a trial date, satisfying this requirement. The statute further states that a party "may not

12

designate a person as a responsible third party with respect to [the] claimant's cause of action after the applicable limitations period on the cause of action has expired." *Id.* § 33.004(d). Here, there are no limitations concerns at issue.

The statute then states that the trial court "shall grant leave to designate the named person as a responsible third party unless another party files an objection to the motion for leave." *Id.* § 33.004(f). Wilson filed a "Response to Motion for Leave," opposing Lopez's request for leave to designate Gross as a responsible third party. Assuming Wilson's response constituted an "objection" to the motion for leave, the statute provides the next steps for the trial court. Specifically, the statute states that that if:

> [A]n objection to the motion for leave is timely filed, the [trial] court shall grant leave to designate the person as a responsible third party unless the objecting party establishes: (1) the defendant did not plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirement of the Texas Rules of Civil Procedure; and (2) after having been granted leave to replead, the defendant failed to plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirements of the Texas Rules of Civil Procedure."

*Id.* § 33.004(g).

The trial court's order does not state the basis for its denial of Lopez's "Motion for Leave to Designate Responsible Third Party," and the mandamus record does not provide a transcript of any hearing on Lopez's motion. However, the basis for the denial is of no consequence at this point in these proceedings. As noted above, the

13

statute provides that the trial court "shall grant leave" to designate a responsible third party unless the objecting party established that the moving party failed to meet the notice pleading requirements of the Texas Rules of Civil Procedure, and "after having been granted leave to replead," the moving party was unable to meet the notice pleading requirements. *Id.*

There is no evidence in the mandamus record that the trial court afforded Lopez an opportunity to replead prior to denying his motion for leave to designate Gross as a responsible third party, as is required by the statute. *Id.*

A trial court "does not have the discretion to deny a motion for leave to designate a responsible third party without first giving the movant an opportunity to replead." *See In re Smith*, 366 S.W.3d 282, 286 (Tex. App.—Dallas 2012, orig. proceeding); *see also In re YRC Inc.*, 646 S.W.3d at 810 ("Moreover, even if the motion [for leave to designate responsible third party] had failed to satisfy the[] pleading requirements, [Texas Civil Practice and Remedies Code section 33.004(g)(2)] required the trial court to provide [relator] an opportunity to replead. The trial court lacked the discretion to deny the motion without first affording [relator] that opportunity."); *Metro. Transit Auth. of Harris Cnty. v. Smith*, 656 S.W.3d 867, 882–83 (Tex. App.—Houston [14th Dist.] 2022, orig. proceeding) (concluding trial court abused its discretion by failing to afford moving party opportunity to replead prior to denying motion for leave to designate responsible

14

third party).  This is true regardless of the merits of a moving party's motion.  *See In re Smith*, 366 S.W.3d at 286 (noting section "33.004 does not contain a futility exception to its rule that the movant must be given an opportunity to replead").

Accordingly, we conclude that the trial court abused its discretion by denying Lopez's motion for leave to designate a responsible third party without affording him an opportunity to replead.  Because Lopez also lacks and adequate remedy by appeal, we hold that Lopez is entitled to mandamus relief from the trial court's February 1, 2023 order.

## Conclusion

We conclude that the trial court abused its discretion by denying Lopez's "Motion for Leave to Designate Responsible Third Party" without affording Lopez the opportunity to replead.  Accordingly, we conditionally grant Lopez's petition for writ of mandamus, in part, and direct the trial court to vacate its February 1, 2023 order denying Lopez's "Motion for Leave to Designate Responsible Third Party," and render a new order affording Lopez an opportunity to replead facts supporting the designation.  We are confident that the trial court will comply with this Court's ruling, and the writ will issue only if the trial court fails to comply within thirty days of the date of this opinion.

We further conclude that the trial court's October 13, 2022 order denying Lopez's "Motion to Disqualify Attorney" does not amount to an abuse of discretion

and we deny Lopez's request for mandamus relief with respect to this order.  All pending motions are dismissed as moot.


                                        Amparo Guerra
                                        Justice

Panel consists of Justices Goodman, Rivas-Molloy, and Guerra.