

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-19-00278-CV

_____

IN RE HURST SATURN, LTD.; FORT WORTH SATURN, LTD.;
ARLINGTON SATURN, LTD.; MICHAEL EDWARDS; JENNI MARSHALL;
AND GLEN POLLARD, RELATORS

_____

OPINION ON ORIGINAL PROCEEDING FOR WRIT OF MANDAMUS

_____

November 8, 2019

## MEMORANDUM OPINION

Before QUINN, C.J.,[1] and PIRTLE and PARKER, JJ.

Relators filed this mandamus proceeding after the trial court issued an order granting the motion filed by the real party in interest to designate responsible third parties, pursuant to section 33.004 of the Texas Civil Practice and Remedies Code. We find that mandamus relief is not warranted and deny the writ.

## Background

This case arises from financial problems at three Metroplex-area car dealerships: Hurst Saturn, Ltd., Fort Worth Saturn, Ltd., and Arlington Saturn, Ltd. The three entities,

---

[1] Chief Justice Brian Quinn, not participating.

along with their owners, Michael Edwards, Jenni Marshall, and Glen Pollard, are Relators herein.

Relators allege that, between 2010 and 2015, real party in interest Robinson Burdette Martin & Seright, LLP ("Robinson") prepared and reviewed financial statements and tax returns that tended to show that the dealerships were turning a profit. According to Relators, they relied on the documents and representations from Robinson in making investment decisions and paying taxes. In 2015-16, however, Relators learned that the dealerships were not in sound fiscal shape, but were in fact "hemorrhaging money" and near collapse. When they investigated this financial downturn, Relators discovered mismanagement and theft by some of the dealerships' employees and their associates. These discoveries led them eventually to file lawsuits against employees, lenders, and others. In the present case, they sued Robinson, alleging professional negligence, breach of contract, and negligent misrepresentation. Relators contend that Robinson's failures caused them to pour money into failing businesses and pay taxes on nonexistent profits.

Robinson moved for leave to designate as responsible third parties several other entities and individuals, including dealership employees and their affiliates, who Relators had alleged to be involved in falsifying records, sales fraud, financing fraud, rebate fraud, audit fraud, and more. Over Relators' objection, the trial court granted Robinson leave to designate eighteen responsible third parties.

Relators then filed the instant petition for writ of mandamus, in which they argue that the trial court's decision was an abuse of discretion and that they have no adequate remedy by appeal.

## Law and Analysis

### Standards for Mandamus

A writ of mandamus will issue only if the trial court clearly abused its discretion and the relator has no adequate remedy on appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding). "A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law . . . ." *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam) (internal quotations omitted). A trial court also abuses its discretion if it fails to correctly analyze or apply the law, because a trial court has no discretion in determining what the law is or applying it to the facts. *See Prudential*, 148 S.W.3d at 135.

### No Adequate Remedy by Appeal

The Texas Supreme Court has held that "[a]llowing a case to proceed to trial despite [the] erroneous denial of a responsible-third-party designation would skew the proceedings, potentially affect the outcome of the litigation, and compromise the presentation of [the relator's] defense in ways unlikely to be apparent in the appellate record." *In re Coppola*, 535 S.W.3d 506, 509 (Tex. 2017) (orig. proceeding) (per curiam) (internal quotations omitted). Consequently, the court determined that mandamus may be appropriate to review an order that either denies or grants a defendant's motion to

designate a responsible third party. *See In re Dawson*, 550 S.W.3d 625, 631 (Tex. 2018) (orig. proceeding) (per curiam). Therefore, Relators are entitled to mandamus relief if they establish that the trial court abused its discretion in granting Robinson's motion to designate responsible third parties.

The Proportionate Responsibility Statute

Texas' proportionate responsibility statutes provide a framework for apportioning percentages of responsibility among defendants, plaintiffs, settling persons, and responsible third parties in a lawsuit. TEX. CIV. PRAC. & REM. CODE ANN. § 33.003 (West 2015). A responsible third party is

> any person who is alleged to have caused or contributed to causing in any way the harm for which recovery of damages is sought, whether by negligent act or omission, by any defective or unreasonably dangerous product, by other conduct or activity that violates an applicable legal standard, or by any combination of these.

*Id.* § 33.011(6) (West 2015). The purpose of the statute is to hold each party "responsible [only] for [the party's] own conduct causing injury." *MCI Sales & Serv., Inc. v. Hinton*, 329 S.W.3d 475, 505 (Tex. 2010) (quoting *F.F.P. Operating Partners, L.P. v. Duenez*, 237 S.W.3d 680, 690 (Tex. 2007)). A defendant may seek to designate a responsible third party by filing a motion for leave to designate on or before the sixtieth day before the trial date. *Id.* § 33.004(a) (West 2015). Unless another party files a timely objection to the motion, the trial court must grant leave. *Id.* § 33.004(f).

In this case, Relators timely filed an objection to Robinson's motion. They argued that the persons and entities designated by Robinson did not meet the definition of responsible third parties.

4

The question of whether the third parties meet the definition of responsible third parties under Chapter 33 presents a case of statutory construction, which is a question of law reviewed de novo. *See MCI Sales & Serv., Inc.*, 329 S.W.3d at 500. The primary objective in construing a statute is to give effect to the Legislature's intent. TEX. GOV'T CODE ANN. §§ 311.021, 312.005 (West 2013); *Am. Home Prods. Corp. v. Clark*, 38 S.W.3d 92, 95 (Tex. 2000). Under the canons of statutory construction, courts are to construe a statute according to its plain and common meaning, unless the language is ambiguous or the interpretation leads to absurd or nonsensical results. *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625-26 (Tex. 2008). A reviewing court should seek to enforce the statute "as written" and "refrain from rewriting text that lawmakers chose . . . ." *Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 443 (Tex. 2009).

Relators contend that the present case turns on the meaning and effect of the Legislature's 2003 change to the definition of responsible third party. Under the 1995 version of the law, a responsible third party was defined as any person who met the following three characteristics: (1) The court in which the action was filed could exercise jurisdiction over the person; (2) the person could have been, but was not, sued by the claimant; and (3) the person is or may be liable to the plaintiff for all or a part of the damages claimed against the named defendant or defendants. *See* Act of May 8, 1995, 74th Leg., R.S., ch. 136, § 1, 1995 Tex. Gen. Laws 971, 973 (current version at TEX. CIV. PRAC. & REM. CODE ANN. § 33.011(6)). In 2003, the Legislature revised the statute, eliminating the first two requirements and redefining responsible third party as "any person who is alleged to have caused or contributed to causing in any way the harm for

5

which recovery of damages is sought . . . ." Tex. Civ. Prac. & Rem. Code Ann. § 33.011(6).

The 2003 change in definition means that a responsible third party must have caused the same harm—not necessarily the same damages—that the defendant caused. According to Relators, the harm caused by Robinson differs from the harm caused by the third parties, although there may be some overlap between the damages they caused. Relators conclude that because the two harms are different, the trial court erred by allowing Robinson to designate the third parties as responsible third parties. In their view, while the third parties might have satisfied the pre-2003 definition of responsible third party, they do not fit the current version.

By changing the definition of responsible third party, the Legislature made status as a responsible third party depend not on whether one contributed to the plaintiff's damages, but on whether one contributed to the harm for which damages are sought. Therefore, we must determine the harm for which Relators seek to recover damages in their lawsuit.

The word "harm" is not defined in the statute. Courts give undefined words "their common, ordinary meaning unless the statute clearly indicates a different result." *Jaster v. Comet II Constr., Inc.*, 438 S.W.3d 556, 563 (Tex. 2014) (citing *Molinet v. Kimbrell*, 356 S.W.3d 407, 411 (Tex. 2011)). The plain meaning of "harm" is consistent with a loss or injury. *See Harm*, Black's Law Dictionary (9th ed. 2009) (defining harm as, "Injury, loss, damage; material or tangible detriment").

Relators assert, "Robinson caused the *harm* of the loss [of] professional services and accurate accounting/tax records" (emphasis in original). Relators' objection to Robinson's motion for leave focused on Robinson's alleged "failure to comply with SAARS [sic] and GAAP, which resulted in material misstatements on [Relators'] reviewed financial statements."[2]

Relators do not dispute that the third parties engaged in fraud or conduct that harmed them, but rather contend that the third parties caused a different and distinct harm, namely the deprivation "of fiduciary/employee services or theft." Specifically, Relators have claimed that the third parties "orchestrated a pattern of widespread financial abuse tantamount to criminal fraud." According to Relators, Robinson has failed to show how these actions have anything to do with Robinson's failure to comply with applicable standards of care for accountants.

For support, Relators rely on *City Nat'l Bank v. Smith*, No. 06-15-00013-CV, 2016 Tex. App. LEXIS 4664 (Tex. App.—Texarkana May 4, 2016, pet. denied) (mem. op.). *Smith* was a legal malpractice case in which an attorney missed a deadline, failing to file the plaintiff's malicious prosecution claim against a bank within the statute of limitations. *Id.* at *1. The attorney sought to designate the bank as a responsible third party. *Id.* Following a thorough analysis of the amended definition of "responsible third party," the Sixth Court of Appeals determined that the harm or injury involved was the loss of the plaintiff's cause of action. *Id.* at *26. Therefore, it concluded, to designate the bank as a responsible third party, the attorney was required to show that the bank contributed to the

---

[2] "SSARS" refers to the Statement on Standards for Accounting and Review Services. "GAAP" refers to generally accepted accounting standards in the United States.

loss of the plaintiff's cause of action, e.g., by contributing to missing the filing deadline. *Id.* at *27. Because the attorney had not alleged or produced any evidence that the bank contributed to the failure to timely file suit, the bank was not a responsible third party. *Id.* at *29-30.

Relators also point to another legal malpractice case, *DLA Piper LLP (US) v. Linegar*, 539 S.W.3d 512 (Tex. App.—Eastland 2017, pet. denied). There, the Eleventh Court of Appeals determined that the harm for which damages were sought related to the failure to timely perfect the security interest in a note. *Id.* at 517. The law firm sought to designate two companies as responsible third parties. But because DLA Piper had not asserted that those entities contributed to the untimely filing of the financing statement, the court concluded that they were not responsible third parties. *Id.*

In its response, Robinson asserts that these outcomes are wrong to suggest that causing or contributing to cause the "harm" is the same as causing or contributing to cause the underlying negligent conduct. Robinson maintains that the claimed harm from Robinson's supposed failure to detect the fraud is the same as the harm caused by the third parties' alleged underlying fraud. Even if the third parties did not cause Robinson's supposed negligent conduct, Robinson contends, the third parties indisputably contributed to the ultimate loss suffered by Relators.

This is a suit premised on claims of professional negligence, negligent misrepresentations, and breach of contract. In their petition for writ of mandamus, Relators assert that they lost (1) accurate accounting information and (2) accounting performed under the applicable standards of care. We note that the fact that the third

8

parties are not accountants does not necessarily mean they could not have contributed to the loss of accurate accounting information. In *In re Smith*, attorneys were sued for legal malpractice after they failed to sue the driver of a car in an underlying auto accident case. *In re Smith*, 366 S.W.3d 282, 284 (Tex. App.—Dallas 2012, orig. proceeding). When the defendant attorneys sought leave to designate the driver of the car as a responsible third party, the plaintiff contended that no set of facts could make the driver a responsible third party in a legal malpractice case. *Id.* at 285-86. The Fifth Court of Appeals disagreed, recognizing that if the attorneys alleged that the driver "somehow tortiously contributed to any error committed" by the attorneys, the driver could properly be designated as a responsible third party. *Id.* Therefore, the court granted the defendants an opportunity to replead.

In this case, if the harm to Relators includes their alleged deprivation of accurate information about the dealerships' finances, then any person or entity who contributed to causing the deprivation of accurate information may properly be designated as a responsible third party. Robinson has alleged that the third parties falsified and manipulated dealership records, conspired to conceal losses, and engaged in other fraudulent schemes. Relators' own pleadings in other lawsuits against the third parties raise similar contentions. Because Robinson has presented pleadings and evidence indicating that the third parties' practices caused or contributed to causing Relators' claimed harm, i.e., the loss of accurate accounting information, we conclude that the trial court did not err in granting leave to designate them as responsible third parties.

## Conclusion

We conclude that Relators have failed to show that they are entitled to mandamus relief.  Accordingly, the petition is denied.


Judy C. Parker
Justice