

# NUMBER 13-22-00464-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE 7-ELEVEN, INC. AND LOUIE'S BACKYARD, INC.

## On Petition for Writ of Mandamus.

# MEMORANDUM OPINION

### Before Chief Justice Contreras and Justices Benavides and Tijerina
### Memorandum Opinion by Justice Benavides[1]

By petition for writ of mandamus, relators 7-Eleven, Inc. and Louie's Backyard, Inc. contend that the trial court abused its discretion by refusing to grant their motions for leave to designate responsible third parties.[2] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 33.004. We conditionally grant the petition for writ of mandamus in part and deny it in part.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

[2] This original proceeding arises from trial court cause number 2020-DCL-04283 in the 445th District Court of Cameron County, Texas, and the respondent is the Honorable Gloria Rincones. *See id.* R. 52.2.

# I.  BACKGROUND

This case arises from a single car automobile accident resulting in severe personal injury and death. On Sunday, May 17, 2020, sisters Maranda Longoria and Merina Longoria, and their minor daughters, respectively, J.S.C. and K.L., and Merina's boyfriend, Emmanuel Guerra, travelled from McAllen, Texas, to South Padre Island for a trip to the beach. During the course of the day and evening, the adults consumed alcoholic beverages during the drive, at the beach, at Louie's Backyard during dinner, and at a bar called Laguna Bob's. They also purchased additional alcohol at a Stripes convenience store. At some point during the day, they were joined by a friend, Randy Ray Padilla.

In the early morning hours of May 18, 2020, while traveling back home, these parties were involved in an automobile accident near San Benito, Texas, in which their car spun out of control and rolled over several times. J.S.C. died as a result of her injuries, Merina suffered head injuries and paralysis, and K.L. suffered serious bodily injuries. Maranda, who was driving, was charged with intoxication manslaughter and assault.[3] Yomeida Perez Longoria, who is the mother and grandmother of the females involved in the crash, filed suit individually and as next friend of Merina and K.L. and as representative of the estate of J.S.C. (real parties) against Laguna Bob, LLC,[4] Louie's Backyard, and 7-Eleven[5] alleging that they were negligent in their provision of alcohol

---

[3] In separate criminal proceedings, Maranda was convicted of these charges and was sentenced to thirty years of imprisonment, and her appeal is currently pending in this Court in our appellate cause number 13-22-00222-CR, *Maranda Lizette Longoria a/k/a Maranda Longoria v. State of Texas*.

[4] The real parties sued Laguna Bob, LLC; however, this entity is identified elsewhere in the record as Laguna Bob's, LLC.

[5] According to the petition for writ of mandamus, the "Stripes convenience stores and Stripes brand [are] owned by [7-Eleven]."

and asserting liability under the Texas Dram Shop Act. *See* TEX. ALCO. BEV. CODE ANN. §§ 2.01–.03.

Subsequently, Guerra filed a petition in intervention also raising negligence and dram shop claims against these same defendants. 7-Eleven filed a third party petition against Maranda. Robert Cardenas,[6] father to decedent J.S.C., also filed a petition in intervention. The real parties subsequently filed a first amended original petition including claims against individual employees who worked for the defendants based on respondeat superior.

During the course of litigation, relators filed various motions for leave to designate responsible third parties. On August 27, 2021, 7-Eleven filed a motion for leave to designate Padilla as a responsible third party based generally on Padilla's provision of alcohol to Maranda. In its motion, relator alleged:

> On Monday May 18, 2020, at around 1:45 a.m., [Maranda], Third Party Defendant, lost control of the Ford Expedition SUV she was driving on the public roadways of Cameron County, Texas.
>
> [Maranda] was found to be intoxicated, without the use of her mental and physical faculties, as she operated the SUV. The rollover incident caused the SUV's passengers to be ejected. The incident happened outside the City of San Benito, Texas.
>
> Prior to the rollover crash, [Maranda], [Merina], [Guerra], [Padilla], and the daughters of Maranda and Merina, J.S.C. and K.L., respectively, had spent Sunday, May 17, 2021, hanging out and drinking in South Padre Island, Texas.
>
> [Padilla], one of the male subjects in the group, bought Maranda and Merina alcoholic beverages.

---

[6] Robert Cardenas is also identified in the record as Roberto Cardenas.

[Padilla] knew or should have known that [Maranda's] driving privileges had been revoked by the State of Texas as a result of several arrests and convictions for DWI offenses.

Despite knowing that [Maranda] had previously been convicted for DWI and was currently on probation for drug possession, [Padilla] nevertheless[] bought and provided alcoholic beverages to Maranda and Merina. Both[] [Padilla] and [Guerra] were also aware that [Maranda] had a new pending DWI charge in Hidalgo County, Texas, and that Merina had also been previously convicted of DWI.

[Padilla] willingly, intentionally[,] and knowingly provided Maranda and Merina with copious amounts of alcohol.

Later in the evening, Guerra, the designated driver in the group, turned over the SUV to [Maranda] knowing that Maranda was highly intoxicated from all the alcohol bought and paid for by [Padilla].

As Maranda drove the SUV from South Padre Island to her home in McAllen, she lost control of the vehicle, causing the Expedition to roll over, which ultimately resulted in J.S.C., Maranda's own daughter, being ejected from the vehicle. J.S.C. died at the scene of the accident.

K.L. and her mother, [Merina], also suffered severe injuries, as did [Guerra], the purported "designated driver."

Because [Padilla's] actions contributed to J.S.C.'s death, and K.L.'s injuries, [7-Eleven] moves to designate him as a Responsible Third Party.

7-Eleven further alleged that Padilla "purchased and provided many alcoholic beverages to Maranda and Merina on the night of the incident," including "Buzz Balls and Budweiser Beer," that he was "known to party" with them, and that he knew Maranda was a "known DWI offender," and thus "his actions contributed to this tragedy."

On August 27, 2021, 7-Eleven also filed a motion for leave to designate two drag racers, John Doe I and John Doe II, as responsible third parties.[7] The motion reiterated the factual underpinnings of the accident, and also stated that:

---

[7] An unknown person designated as a responsible third party under § 33.004(j) is denominated as

4

New evidence obtained through discovery in this case has revealed that [Maranda] was not only intoxicated while she was driving but she was also startled as she drove on the fast lane of the highway on the night of the incident.

Intervenor [Guerra] has detailed in his responses to discovery how [Maranda] was unable to maintain control of the Ford SUV, because she was cut off by the (2) two drag racers in pickup trucks that sped past Maranda's Ford Expedition SUV on the night in question.

Intervenor [Guerra] has further explained that [Maranda] panicked as she was cut off by the two drag racers and failed to control the SUV as the SUV left the expressway, due to Maranda swerving to avoid a collision.

7-Eleven included Guerra's responses to discovery in its motion for leave to designate the John Does. In his discovery responses, Guerra alleged that, at the time of the accident, their vehicle was in the fast lane near San Benito, Texas when two trucks passed at a high rate of speed and "cut [them] off," Maranda panicked and "acted erratically," and their vehicle "went off the expressway." 7-Eleven further stated that Maranda was under the influence of alcohol and lacked a valid driver's license, but alleged that "the two drag racers in pickup trucks also bear responsibility for having caused the conditions which ultimately caused the accident." According to 7-Eleven, the "criminal acts of racing on the highway, failing to control speed, failing to keep a proper distance, and following too closely, were also the proximate cause of the accident and the resulting injuries made the basis of this lawsuit."

The real parties filed objections to both motions for leave to designate responsible third parties. They alleged that the motions were "insufficient" because 7-Eleven "has

"Jane Doe" or "John Doe" until the person's identity is known. TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(k).

failed to allege or identify sufficient facts to demonstrate" that Padilla or the John Does should be designated as responsible third parties. According to real parties, 7-Eleven "has not stated any facts that support the imposition of any duty owed" by Padilla to any of the [real parties]," and "[a]bsent the existence of any duty owed, there can be no breach of any duty, nor any causation of damages, and certainly there can be no basis for civil liability." They asserted that Padilla was not employed as a server for a commercial provider of alcohol, and that there is no social duty regarding the provision of alcohol.

Similarly, the real parties argued that 7-Eleven "has not stated sufficient facts to understand what duties were breached by Two Drag Drivers, how those duties were breached, and how they proximately caused damages to any of the [real parties]." According to the real parties, "[t]he facts asserted—that the alleged DRAG RACERS were speeding—does not explain how that foreseeably injured [real parties]." As with Padilla, the real parties asserted that the John Does did not have a duty to them, thus there could not be a basis for the John Does to be liable to the real parties for their damages. They further argued that the term "cut off" was ambiguous, that relators did not explain how such an action violated the law, and that "the actions of speeding and cutting off appear to be incongruous," and "therefore also fail to give [real parties] any understanding of the basis of purported liability."

On December 9, 2021, the trial court denied 7-Eleven's motion for leave to designate Padilla as a responsible third party, and, by separate order signed that same day, denied 7-Eleven's motion for leave to designate the John Does as responsible third parties. On or about April 11, 2022, 7-Eleven, Laguna Bob, and Louie's Backyard filed a

6

joint motion for leave re-urging the designation of Padilla as a responsible third party. Their joint motion for leave adduced additional details regarding Padilla's actions based on information obtained during the discovery process.

The trial court held a hearing on August 17, 2022, addressing multiple issues, including the joint motion for leave re-urging the designation of Padilla as a responsible third party. On August 23, 2022, the trial court denied the joint motion for leave.

This original proceeding ensued. By one issue, relators contend that the trial court abused its discretion by denying the motions for leave to designate because "it applied a liability analysis instead of simply looking at the *timeliness* and *facts* pled in the motions."

## II.  STANDARD OF REVIEW

"Mandamus relief is warranted when a trial court clearly abuses its discretion and the relator has no adequate remedy by appeal." *In re YRC Inc.*, 646 S.W.3d 805, 808 (Tex. 2022) (orig. proceeding) (per curiam). Trial courts have no discretion in determining what the law is or applying the law to the facts. *In re Allstate Indem. Co.*, 622 S.W.3d 870, 875–76 (Tex. 2021) (orig. proceeding). A party ordinarily lacks an adequate remedy by appeal when a trial court erroneously denies a party's motion for leave to designate a responsible third party. *See In re Mobile Mini, Inc.*, 596 S.W.3d 781, 787–88 (Tex. 2020) (orig. proceeding) (per curiam); *In re Coppola*, 535 S.W.3d 506, 509–510 (Tex. 2017) (orig. proceeding) (per curiam).

## III.  RESPONSIBLE THIRD PARTY DESIGNATION

A defendant seeking to designate a responsible third party must file a motion for leave to designate with the trial court. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(a).

7

The trial "court shall grant leave to designate the named person as a responsible third party unless another party files an objection to the motion for leave on or before the [fifteenth] day after the date the motion is served." *Id.* § 33.004(f). If an objection is timely filed, the trial court "shall" grant leave for the designation unless the objecting party establishes that "the defendant did not plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirement of the Texas Rules of Civil Procedure," and, "after having been granted leave to replead, the defendant failed to plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirements of the Texas Rules of Civil Procedure." *Id.* § 33.004(g). "This standard is reminiscent of special exceptions." *In re Eagleridge Operating, LLC*, 642 S.W.3d 518, 525 (Tex. 2022) (orig. proceeding). "[T]rial courts have no discretion to deny a timely filed motion to designate absent a pleading defect and an opportunity to cure . . . ." *Id.*

"After adequate time for discovery, a party may move to strike the designation of a responsible third party on the ground that there is no evidence that the designated person is responsible for any portion of the claimant's alleged injury or damage." TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(*l*). The court shall grant the motion to strike unless a defendant produces sufficient evidence to raise a genuine issue of fact regarding the designated person's responsibility for the claimant's injury or damage." *Id.* "Consistent with the statute's language, our courts of appeals have described the standard of review as mirroring a no-evidence summary judgment." *In re Eagleridge Operating, LLC*, 642 S.W.3d at 525–26.

## IV.   ANALYSIS

By one issue, relators assert that the trial court abused its discretion when it denied their motions for leave to designate responsible third parties because it analyzed the merits of the claims against the third parties rather than focusing on the statutory directives regarding timeliness and sufficiency of the pleadings. In contrast, real parties argue that the trial court correctly denied relators' motions for leave to designate responsible third parties because a responsible third party must be "legally responsible" for some or all of the claimed damages and the alleged responsible third parties did not meet this requirement. The real parties assert that the trial court acted within its discretion in denying the relators' motions for leave to designate because it was ruling pursuant to a § 33.004(*l*) challenge, which is based on the evidence presented by relators. And, finally, the real parties further contend that relators did not properly comply with the statutory requirements to designate the John Does.

## A.   Designation of the John Does

We first address the real parties' contention that relators did not meet the timing and pleading requirements to designate the drag racing John Does as responsible third parties. Section 33.004(j) provides a specialized procedure for the designation of unknown parties who are alleged to have committed criminal acts. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(j). This section provides:

> Notwithstanding any other provision of this section, if, not later than 60 days after the filing of the defendant's original answer, the defendant alleges in an answer filed with the court that an unknown person committed a criminal act that was a cause of the loss or injury that is the subject of the lawsuit, the court shall grant a motion for leave to designate the unknown person as a responsible third party if:

9

(1)     the court determines that the defendant has pleaded facts sufficient for the court to determine that there is a reasonable probability that the act of the unknown person was criminal;

(2)     the defendant has stated in the answer all identifying characteristics of the unknown person, known at the time of the answer; and

(3)     the allegation satisfies the pleading requirements of the Texas Rules of Civil Procedure.

*Id.* Thus, within sixty days of filing its original answer, the defendant must file an answer including an allegation that an unknown person committed a criminal act that was a cause of the loss and including all of the known identifying characteristics of the unknown person. *See id.*; *In re Windstar Trucking, LLC*, No. 08-21-00001-CV, 2022 WL 3699963, at *6 (Tex. App.—El Paso Aug. 26, 2022, orig. proceeding). In considering whether the defendant has pleaded sufficient facts under this subsection, the trial court may consider those facts alleged in the answer and in the motion for leave to designate the unknown person. *See In re Windstar Trucking, LLC*, 2022 WL 3699963, at *6.

The record reflects that 7-Eleven filed its original answer in this lawsuit on October 2, 2020. The original answer asserted, in relevant part, that the real parties' damages were caused by "known and unknown Actors and/or Responsible Third Parties." The record does not indicate that 7-Eleven filed any amended answers within sixty days of October 2, 2020 or otherwise. 7-Eleven did not file its motion for leave to designate the drag racers as responsible third parties until August 27, 2021.

Relators contend that its motion to designate the drag racers was timely because it was filed seven months prior to the trial date, which was then set to occur in March of 2022. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(a) (requiring a motion for leave to

10

designate a person as a responsible third party "on or before the 60th day before the trial date unless the court finds good cause to allow the motion to be filed at a later date"). We disagree. "There is a timing difference [between designating known and unknown responsible third parties] in that an unknown person must be designated within 60 days of the answer, while a known person might be designated just outside of 60 days from trial." *In re Windstar Trucking, LLC*, 2022 WL 3699963, at *7 (comparing § 33.004(a) and § 33.004(j)); *see In re Echols*, 569 S.W.3d 776, 782–83 (Tex. App.—Dallas 2018, orig. proceeding) (concluding that the designation of an unknown person whose criminal act was a cause of the plaintiff's loss may be made only under subsection (j), and "not later than 60 days after the filing of the defendant's original answer"); *see In re Unitec Elevator Servs. Co.*, 178 S.W.3d 53, 61 (Tex. App.—Houston [1st Dist.] 2005, orig. proceeding) (concluding that the deadline for designating an unknown responsible third party is governed solely by subsection (j)).

7-Eleven did not file an answer asserting that "an unknown person committed a criminal act that was a cause of the loss or injury" within sixty days after filing its original answer. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(j); *In re Unitec Elevator Servs. Co.*, 178 S.W.3d at 61. We conclude that relators' attempted designation of the John Does was neither timely nor included in an answer, and the trial court therefore acted within its discretion in denying the motion for leave to designate them as responsible third parties. *See In re Gonzales*, 619 S.W.3d 259, 262 (Tex. 2021) (orig. proceeding) (per curiam) (concluding that when a litigant fails to "timely and adequately satisfy" the requirements of § 33.004(j), the trial court may not grant leave for the designation).

11

**B.      Designation of Padilla**

We turn our attention to relators' motion for leave to designate Padilla as a responsible third party. The real parties argue that this case is controlled by § 33.004(*l*), which requires an evidentiary review, rather than § 33.004(g), which concerns the timeliness and sufficiency of the pleadings. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(g), (*l*). The real parties assert that the orders denying relators' motions for leave to designate responsible third parties support this conclusion. They contend that

> the orders expressly note that the court considered "Relators' Motions," "Real Parties' Oppositions," and "relevant law and argument of counsel." The rulings were also made "after adequate time for discovery." Likewise, the transcript from the August 17, 2022 hearing confirms that the court explicitly considered whether [Texas Civil Practice and Remedies Code] Chapter 33 requires that Relators demonstrate that alleged responsible party [Padilla] was "legally responsible" for Real Parties' alleged injuries and damage.
>
> For these reasons it is undeniable that the trial court orders were issued incident to a [Texas Civil Practice and Remedies Code] 33.004(l) challenge, which § 33.004([*l*]) itself instructs is a factual determination for the court to be decided based upon the evidence presented by the Relator.

(Record citation omitted).

We disagree. The statute employs a two-tier process by which a party can contest the designation of a responsible third party. *See generally id.* § 33.004. First, before the trial court grants leave for the designation of a responsible third party, a party can file an objection to the motion for leave. *See id.* § 33.004(f), (g). Second, if the trial court grants a motion for leave to designate a responsible third party, a party can later file a motion to strike the designation on grounds that there is no evidence that the designated person is responsible for any portion of the claimant's alleged injury or damage. *See id.* § 33.004(*l*);

12

*In re Cook*, 629 S.W.3d 591, 598 (Tex. App.—Dallas 2021, orig. proceeding [mand. denied]) (stating that the evidentiary inquiry "may be made by motion for summary judgment, motion to strike the designation, or objection to the non-party's inclusion in the jury charge, among other challenges permitted by the rules").

Based upon the record, we are reviewing the trial court's rulings at the first step of the process, not the second. The real parties' pleadings filed in opposition to the motions for leave to designate responsible third parties are all self-titled as objections and state that the real parties object to the potential designations. *See Ryland Enter., Inc. v. Weatherspoon*, 355 S.W.3d 664, 666 (Tex. 2011) (per curiam) ("[C]ourts should acknowledge the substance of the relief sought despite the formal styling of the pleading."); *State Bar of Tex. v. Heard*, 603 S.W.2d 829, 833 (Tex. 1980) (orig. proceeding) ("We look to the substance of a plea for relief to determine the nature of the pleading, not merely at the form of title given to it."); *see also* Tex. R. Civ. P. 71 (governing the misnomer of pleadings). The trial court's orders denying relators' motion for leave to designate are titled as such: (1) "Order Denying Defendant 7-Eleven, Inc.'s Motion for Leave to Designate Responsible Third Party," (2) "Order Denying Defendant 7-Eleven, Inc.'s Motion for Leave to Designate Responsible Third Party," and (3) "Order Denying Defendants' Joint Motion for Leave Re-Urging the Designation of [Padilla] as a Responsible Third Party." Further, leaving aside their titles, these orders deny relators' motions for leave to designate responsible third parties in substance, and there is nothing in the record to indicate that the trial court ever granted a designation of a responsible third party so as to allow a party to employ the second stage of the process. Thus, we

13

apply the standard of review imbedded in the statutory scheme for this stage of the proceedings; that is, we review the trial court's rulings based on the sufficiency of the pleadings as contemplated by § 33.004(f) and (g). *See* TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(f), (g).

As stated previously, relators were required to plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirements of the Texas Rules of Civil Procedure." *Id.* § 33.004(g). The Texas Rules of Civil Procedure require pleadings to provide "a short statement of the cause of action sufficient to give fair notice of the claim involved." TEX. R. CIV. P. 47(a). "To plead sufficient facts on a motion for leave to designate a responsible third party under [§] 30.004, a movant must satisfy only this fair-notice requirement." *In re YRC Inc.*, 646 S.W.3d at 809. "So long as a party can ascertain from the pleading the nature, basic issues, and type of evidence that might be relevant to the controversy, a pleading satisfies the Rule 47(a) standard." *Id.* at 809-10.

The real parties assert that relators must establish that the designated parties owe them a legal duty, and that relators have failed in that regard. However, "[i]n determining whether to grant a motion for leave to designate a responsible third party, the trial court is restricted to evaluating the sufficiency of the facts pleaded by the movant and is not permitted to review the truth of the allegations or consider the strength of the evidence." *In re Cordish Co.*, 617 S.W.3d 909, 914 (Tex. App.—Houston [14th Dist.] 2021, orig. proceeding [mand. denied]) (rejecting the real parties' contention that relator's allegations could not establish legal cause as a matter of law). "Whether there is sufficient evidence to establish—or even to raise a genuine issue of material fact about—the non-party's

14

liability is not the standard." *In re Cook*, 629 S.W.3d at 598; *see Galbraith Eng'g Consultants, Inc. v. Pochucha*, 290 S.W.3d 863, 868 (Tex. 2009) (concluding that Chapter 33 does not equate responsibility with liability and stating that "a defendant may designate a responsible third party even though that party possesses a defense to liability, or cannot be formally joined as a defendant, or both").

Based on the foregoing, we reject the real parties' contention that relators' pleadings must show that the responsible third parties are "legally responsible" for the real parties' injuries at this stage of the litigation. Further, we need not determine whether the relators pleaded sufficient facts regarding Padilla's alleged responsibility, because even if a deficiency existed, the trial court lacked discretion to deny the motion to designate without affording them an opportunity to replead. *See* TEX. CIV. PRAC. & REM. CODE § 33.004(g); *In re Coppola*, 535 S.W.3d at 508 (declining to consider whether the pleadings were sufficient in the absence of an opportunity to replead); *In re Smith*, 366 S.W.3d 282, 288 (Tex. App.—Dallas 2012, orig. proceeding) ("[T]he trial judge was statutorily required to give relators an opportunity to replead before denying their motion, regardless of whether they made a specific request for time to replead."). We conclude that the trial court erred in denying relators' motion for leave to designate Padilla as a responsible third party.

## C.   Appellate Remedy

As we have already stated, a party ordinarily lacks an adequate remedy by appeal when a trial court erroneously denies a party's motion for leave to designate a responsible third party. *See In re Mobile Mini, Inc.*, 596 S.W.3d at 787–88; *In re Coppola*, 535 S.W.3d

15

at 509–510. Mandamus in this context is generally appropriate because allowing a case to proceed to trial without a properly requested responsible third party designation skews the proceedings, potentially affects the outcome of the litigation, and compromises the defense of the lawsuit in ways that are not likely to appear in the record. *See In re Mobile Mini, Inc.*, 596 S.W.3d at 787; *In re Coppola*, 535 S.W.3d at 509. Stated otherwise, "[a]llowing a case to proceed to trial without the third party would defeat the defendant's right to have the jury determine the proportionate responsibility of all potential responsible parties, requiring a second trial." *In re YRC Inc.*, 646 S.W.3d at 810. We conclude that the relators lack an adequate remedy by appeal to address the trial court's improper denial of relators' motions for leave to designate Padilla.

## V.   CONCLUSION

The Court, having examined and fully considered relators' petition for writ of mandamus, the real parties' response, and the applicable law, is of the opinion that the petition for writ of mandamus should be granted in part and denied in part. We conditionally grant relators' petition for writ of mandamus, in part, regarding relators' motion for leave to designate Padilla as a responsible third party. We express no opinion as to whether relators satisfied their pleading burden under § 33.004(g). *See* TEX. CIV. PRAC. & REM. CODE § 33.004(g). We likewise express no opinion as to the merits of a motion to strike, if any, that may be filed after adequate time for discovery. *See id.* § 33.004(*l*). We hold only that the trial court abused its discretion by denying relators' motion for leave to designate a responsible third party without granting them an opportunity to replead. *See In re Coppola*, 535 S.W.3d at 508; *In re Smith*, 366 S.W.3d

16

at 288. The writ will issue only if the trial court fails to vacate its orders denying relators' motions for leave to designate Padilla as a responsible third party and to render a new order either granting relators' leave to replead facts supporting the designation or granting the motion for leave to designate.

We deny relators' petition for writ of mandamus, in part, as to all requested relief regarding relators' motion for leave to designate the John Does as responsible third parties.

GINA M. BENAVIDES
Justice

Delivered and filed on the
20th day of January, 2023.

17