

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-23-00831-CV

**IN RE** Ulises **GALVAN** and H&V Equipment Services, Inc.

Original Mandamus Proceeding[1]

Opinion by:    Patricia O. Alvarez, Justice

Sitting:        Patricia O. Alvarez, Justice
              Luz Elena D. Chapa, Justice
              Beth Watkins, Justice

Delivered and Filed: November 1, 2023

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

In the underlying automobile accident case, Relators timely filed a motion for leave to designate an unknown person as a responsible third party. Real Party in Interest objected and argued that Relators' motion failed to plead sufficient facts concerning the unknown person's alleged responsibility. After a hearing, Respondent denied Relators' motion without giving them an opportunity to replead, and Relators petitioned this court for a writ of mandamus.

Because Relators' motion was timely filed and it met the fair notice pleading standard, Respondent was required to grant Relators' motion.

We conditionally grant Relators' petition.

---

[1] This proceeding arises out of Cause No. 2021CI17977, styled *Xavier Castillo v. Ulises Galvan and H&V Equipment Services, Inc.*, pending in the 131st Judicial District Court, Bexar County, Texas, the Honorable Laura Salinas presiding.

BACKGROUND

The underlying case involves a rear-end vehicle accident. In July 2021, Relator Ulises Galvan, while allegedly in the course and scope of his employment with Relator H&V Equipment Services, Inc., was driving a pickup truck. The pickup truck struck the rear-end of Real Party in Interest Xavier Castillo's vehicle, and Castillo allegedly suffered serious bodily injuries.

Castillo sued Galvan and H&V for, inter alia, negligence, negligent hiring, and gross negligence. In Galvan and H&V's first amended answer, they asserted that Castillo's alleged injuries were caused by the actions of an unknown person—who was driving the vehicle immediately ahead of Castillo's vehicle. They alleged that the unknown driver "initiated the accident sequence by suddenly stopping in front of the vehicles driven by [Castillo] and Ulises Galvan."

Galvan and H&V timely filed a motion for leave to designate the unknown driver as a responsible third party. In their motion, they asserted that the unknown driver violated several provisions of the Texas Transportation Code. For example, they pled that the unknown driver "suddenly stopped in the roadway in front of Mr. Castillo and Mr. Galvan [and] failed to provide a signal to the [following] vehicles . . . which constitutes willful or wanton disregard for the safety of persons or property." Galvan and H&V (Relators) argued that those violations "were a proximate, producing, contributing, comparative and/or sole proximate cause of the accident."

Castillo timely objected to Relators' motion for leave. His motion argued that Relators "[had] not plead sufficient facts to explain how slowing in traffic to turn into a driveway for a local business is a criminal act." It also insisted that "[Relators] have not plead sufficient facts to put [Castillo] on notice of any criminal acts committed by this unknown driver."

After a hearing, the trial court denied Relators' motion for leave without affording them an opportunity to replead, and Relators petitioned this court for a writ of mandamus. Before we address the petition's merits, we briefly review the applicable law.

### DESIGNATING A RESPONSIBLE THIRD PARTY

**A.    Any Person, Unknown Person**

"A defendant may seek to designate a person as a responsible third party." *Gregory v. Chohan*, 670 S.W.3d 546, 566 (Tex. 2023) (quoting TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(a)). A responsible third party may be "any person who is alleged to have caused or contributed to causing in any way the harm for which recovery of damages is sought, whether by negligent act or omission, . . . by other conduct or activity that violates an applicable legal standard, or by any combination of these." TEX. CIV. PRAC. & REM. CODE ANN. § 33.011(6)); *accord In re Eagleridge Operating, LLC*, 642 S.W.3d 518, 525 (Tex. 2022) (orig. proceeding).

A defendant may also seek to designate "an unknown person [who allegedly] committed a criminal act that was a cause of the loss or injury that is the subject of the lawsuit." TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(j); *In re Gonzales*, 619 S.W.3d 259, 262 (Tex. 2021) (orig. proceeding) (per curiam).

**B.    When Motion Must be Granted**

"A court shall grant leave to designate the named person as a responsible third party unless another party files an objection to the motion for leave on or before the 15th day after the date the motion is served." TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(f); *accord In re Eagleridge Operating, LLC*, 642 S.W.3d at 525; *see In re Smith*, 366 S.W.3d 282, 287 (Tex. App.—Dallas 2012, orig. proceeding) (recognizing that for this provision, "shall" means "must").

**C.     Objection to Designation**

If a party timely objects, the trial court must nevertheless grant the motion "unless a party . . . establishes that (1) the defendant did not plead sufficient facts concerning the person's alleged responsibility to satisfy the pleading requirements in the rules of civil procedure, and (2) after an opportunity to replead, the pleading defect persists." *In re Eagleridge Operating, LLC*, 642 S.W.3d at 525 (citing TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(f),(g)); *accord In re Smith*, 366 S.W.3d at 287.

**D.     Fair Notice Requirement**

The defendant's pleadings must give notice of any defenses and "provide fair notice of the essential factual allegations supporting those [defenses]." *See Kinder Morgan SACROC, LP v. Scurry Cnty.*, 622 S.W.3d 835, 849 (Tex. 2021); *see also* TEX. R. CIV. P. 45(b) (requiring a pleading to give "fair notice to the opponent . . . of the allegations as a whole").

**E.     Sufficiency of Pleadings**

"[C]ourts assess the sufficiency of pleadings by determining whether an opposing party can ascertain from the pleading the nature, basic issues, and the type of evidence that might be relevant to the controversy." *Low v. Henry*, 221 S.W.3d 609, 612 (Tex. 2007) (citing *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 230 (Tex. 2004)).

"A pleading is sufficient when 'an opposing party can ascertain from the pleading the nature, basic issues, and the type of evidence that might be relevant to the controversy.'" *In re Bustamante*, 510 S.W.3d 732, 737 (Tex. App.—San Antonio 2016, orig. proceeding) (quoting *Low*, 221 S.W.3d at 612); *accord In re YRC Inc.*, 646 S.W.3d 805, 809–10 (Tex. 2022) (orig. proceeding) (per curiam) (reviewing facts pled in the motion for leave to designate a responsible third party).

In considering the sufficiency of the pleadings, "[a] trial court may not review the truth of the allegations or consider the strength of the defendant's evidence." *In re CVR Energy, Inc.*, 500 S.W.3d 67, 80 (Tex. App.—Houston [1st Dist.] 2016, orig. proceeding) (citing *In re Unitec Elevator Servs. Co.*, 178 S.W.3d 53, 62 (Tex. App.—Houston [1st Dist.] 2005, orig. proceeding.)); *accord In re Manon*, No. 04-18-00311-CV, 2018 WL 2943562, at *3 (Tex. App.—San Antonio June 13, 2018, orig. proceeding) (citing *In re Unitec Elevator Servs. Co.*, 178 S.W.3d at 62). "It is in the context of subsequent proceedings—such as a motion to strike, motion for summary judgment, or objection to submission of a jury question—that the court is to consider objections to the sufficiency of the evidence against the allegedly responsible third party." *In re Cordish Co.*, 617 S.W.3d 909, 914 (Tex. App.—Houston [14th Dist.] 2021, orig. proceeding) (citing *In re Greyhound Lines, Inc.*, No. 05-13-01646-CV, 2014 WL 1022329, at *2 (Tex. App.—Dallas Feb. 21, 2014, orig. proceeding)).

## F.    Opportunity to Replead Required

If the trial court determines that the defendant has not pled "sufficient facts concerning the person's alleged responsibility," the trial court may not deny the motion for leave without giving the defendant the opportunity to cure the pleading deficiency. *In re Eagleridge Operating, LLC*, 642 S.W.3d at 525; *In re Coppola*, 535 S.W.3d 506, 508 (Tex. 2017) (orig. proceeding) (per curiam).

### STANDARD OF REVIEW

"As a general proposition, mandamus is warranted only when 'the trial court clearly abused its discretion and the relator has no adequate appellate remedy.'" *In re Eagleridge Operating, LLC*, 642 S.W.3d at 526 (quoting *In re Coppola*, 535 S.W.3d at 508).

A trial court abuses its discretion if it denies the defendant's motion for leave to designate a responsible third party "without affording them an opportunity to replead." *In re Coppola*, 535 S.W.3d at 508; *accord In re Eagleridge Operating, LLC*, 642 S.W.3d at 525 (recognizing that "trial courts have no discretion to deny a timely filed motion to designate absent a pleading defect and an opportunity to cure").

If a trial court erroneously denies a timely-filed motion for leave to designate a responsible third party, the relator has no adequate remedy by appeal. *In re Eagleridge Operating, LLC*, 642 S.W.3d at 526 ("[T]he mandamus standard is satisfied when a trial court erroneously denies a party's timely filed motion to designate a responsible third party."); *In re Mobile Mini, Inc.*, 596 S.W.3d 781, 783 (Tex. 2020) (orig. proceeding) (per curiam) (citing *In re Coppola*, 535 S.W.3d at 509–10).

### FAIR NOTICE PLEADINGS

In their petition, Galvan and H&V argue the trial court abused its discretion by denying their motion for leave to designate the unknown driver as a responsible third party because they timely filed their motion and it met the fair notice pleading requirement. We agree.

In the underlying proceeding, Relators timely filed their motion for leave, and Castillo timely objected. Castillo's burden was to establish "that (1) the defendant[s] did not plead sufficient facts concerning the person's alleged responsibility to satisfy the pleading requirements in the rules of civil procedure, and (2) after an opportunity to replead, the pleading defect persists." *See In re Eagleridge Operating, LLC*, 642 S.W.3d at 525 (quoting TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(f), (g)); *accord In re Smith*, 366 S.W.3d at 287.

Castillo argued to the trial court that Relators "have not plead sufficient facts to put [him] on notice of any criminal acts committed by this unknown driver."

**A.      Facts in Pleadings**

We review Relators' pleadings to determine whether Castillo could ascertain from Relators' pleadings "the nature, basic issues, and the type of evidence that might be relevant to the controversy," *see Low*, 221 S.W.3d at 612; *In re Bustamante*, 510 S.W.3d at 737, and the "essential factual allegations supporting [its defenses]," *see Kinder Morgan*, 622 S.W.3d at 849.

*1.      First Amended Answer*

Relators' first amended answer acknowledged that Galvan's vehicle struck Castillo's vehicle, but they alleged that the unknown driver "initiated the accident sequence by suddenly stopping in front of the vehicles driven by [Castillo] and Ulises Galvan." Relators pled in the alternative that the unknown driver also violated several provisions of the Texas Transportation Code. *See, e.g.*, TEX. TRANSP. CODE ANN. §§ 545.105 ("Signaling Stops"), 545.401 ("Reckless Driving; Offense"), 550.022 ("Collision Involving Damage to Vehicle"), and 550.023 ("Duty to Give Information and Render Aid"). They alleged that "the criminal actions of the unknown driver" in violating the Texas Transportation Code caused the accident, and they asserted that "[t]he unknown driver failed to provide a signal to the vehicles following behind his/her vehicle."

*2.      Motion for Leave to Designate a Responsible Third Party*

In their motion for leave to designate a responsible third party, Relators pointed to the Texas Peace Officer Crash Report which identified a third vehicle involved in the accident. Relators again alleged that the unknown driver's actions violated several Transportation Code provisions and "were a proximate, producing, contributing, comparative and/or sole proximate cause of the accident."

They also alleged that the unknown driver "suddenly stopped in the roadway in front of Mr. Castillo and Mr. Galvan [and] failed to provide a [turn] signal to the [following] vehicles . . . which constitutes willful or wanton disregard for the safety of persons or property." Relators

added that "[t]he acts and omissions of [the unknown driver] contributed to the factual scenario [as alleged] in Plaintiff's Original Petition."

## B.    Sufficiency of Pleadings

Relators pled facts that alleged an unknown driver had contributed to or caused Castillo's alleged injuries by a negligent act or omission, by criminal conduct, or some combination of these. *See In re Eagleridge Operating, LLC*, 642 S.W.3d at 525 (citing TEX. CIV. PRAC. & REM. CODE ANN. § 33.011(6)). From Relators' pleadings, Castillo could ascertain the nature of the controversy, the defenses Relators were raising, and the type of evidence they might rely on. *See In re YRC Inc.*, 646 S.W.3d at 809–10; *In re Bustamante*, 510 S.W.3d at 737.

We conclude Relators' pleadings met the fair notice pleading standard. *See* TEX. R. CIV. P. 45(b); *Low*, 221 S.W.3d at 612; *In re Bustamante*, 510 S.W.3d at 737. Accordingly, the trial court abused its discretion in denying Relators' motion to designate an unknown person as a responsible third party. *See In re Eagleridge Operating, LLC*, 642 S.W.3d at 525.

## OPPORTUNITY TO REPLEAD

Even if the trial court had determined that Relators' pleadings did not meet the fair notice pleading standard, "the trial court lacked discretion to deny the motion to designate without affording [Relators] an opportunity to replead." *See In re Coppola*, 535 S.W.3d at 508; *In re Smith*, 366 S.W.3d at 288 ("[T]he trial [court] was statutorily required to give relators an opportunity to replead before denying their motion, regardless of whether they made a specific request for time to replead.").

Castillo recognizes that he "bore the burden of showing that relators were given leave to replead before the trial judge could have discretion to deny relators' motion for leave to designate." *See In re Smith*, 366 S.W.3d at 287. In his response to Relators' petition, Castillo asserts that after

the trial court "told the Defendants their pleadings were deficient, the Defendants declined the opportunity to replead and cure [the] defect," but the record does not support either of Castillo's assertions.

The record shows the trial court questioned the merits of some of Relators' assertions regarding the unknown driver's responsibility for the accident, but there is no evidence that the trial court (1) advised Relators that their pleadings did not meet the fair notice pleading requirement or (2) gave Relators an opportunity to replead. *Cf. id.* ("The record contains no indication that [the plaintiff] made that showing, nor any indication that the trial judge gave relators an opportunity to replead."). Thus, even if the pleadings were deficient, the trial court abused its discretion in denying the motion to designate without affording Relators the opportunity to replead. *See In re Coppola*, 535 S.W.3d at 508; *In re Smith*, 366 S.W.3d at 288.

## CONCLUSION

Because Relators' motion for leave to designate a responsible third party was timely filed and it met the fair notice standard of pleading, the trial court abused its discretion in denying it. Even if the pleadings were deficient, the trial court had no discretion to deny Relators' motion without advising Relators that their pleadings were deficient and granting them leave to replead. Accordingly, we conditionally grant Relators' petition.

We direct the trial court to vacate its July 25, 2023 "Order Denying Defendants' Motion for Leave to Designate a Responsible Third Party" and to grant, within fifteen days of the date of this opinion and order, Relators' motion for leave to designate an unknown person as a responsible third party. We are confident the trial court will promptly comply; our writ will issue only if we are notified that the trial court has not done so.

Patricia O. Alvarez, Justice